---
State v. Laws
---

STATE OF NORTH CAROLINA v. CHARLIE LEE LAWS

No. 7219SC577

(Filed 20 September 1972)

1. Criminal Law § 99— leading question — expression of opinion by trial judge

The trial court's question asked of the victim of an alleged armed robbery as to the victim's being afraid at the time of the offense was not a leading question and therefore an expression of opinion by the judge, nor did the question aid the solicitor in making out a case of armed robbery, as placing the victim in fear is not an element of that offense.

2. Criminal Law § 168— jury charge read as whole

The jury charge must be read as a whole and construed contextually, and isolated portions will not be held prejudicial when the charge as a whole is correct.

3. Criminal Law § 89— corroborative testimony — question for jury — no error

The admission of the testimony of a witness accompanied by the court's admonition to the jury that they consider the evidence only for the purpose of corroboration if it did in fact corroborate the victim's testimony was not error, since the question as to whether the witness's testimony was corroborative was one for the jury.

APPEAL by defendant from *McConnell, Judge*, March 1972 Session, CABARRUS Superior Court.

An indictment proper in form was returned at the 20 August 1962 Session of Cabarrus Superior Court charging defendant with armed robbery on 2 July 1962. The case was originally tried at said 20 August 1962 session of the court, the jury returned a verdict of guilty of armed robbery and judgment was entered sentencing defendant to prison for a period of 12 years, the sentence to commence at the expiration of a 22 to 26 years sentence he was then serving. On 5 January 1972 defendant filed application for a post-conviction hearing; a hearing was allowed and following the hearing an order was entered on 28 January 1972 granting defendant a new trial.

Following a retrial, the jury returned a verdict of guilty to the charge of armed robbery and from judgment imposing a 12 years prison sentence to begin at expiration of another sentence being served, defendant appealed.

*Attorney General Robert Morgan by Thomas E. Kane, Associate Attorney, for the State.*

*Clarence E. Horton, Jr., for defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error defendant contends that the court violated G.S. 1-180 by expressing an opinion to the jury as to defendant's guilt. Specifically, defendant contends that by asking leading questions of witnesses the court expressed an opinion.

The record indicates that only one of the questions covered by this assignment of error was asked in the presence of the jury, the remaining questions being asked during a *voir dire* examination in the absence of the jury. The questions asked in the absence of the jury clearly were not error. *State v. Robbins,* 275 N.C. 537, 169 S.E. 2d 858 (1969).

The question asked by the court in the presence of the jury was directed to the victim of the alleged robbery and was as follows: "At the time the gun was pulled out, were you afraid?" The answer to the question was "Sure."

It is well settled that the trial judge is permitted to ask questions of a witness in the presence of a jury for the purpose of clarifying matters that are unclear or not understood. *State v. Kirby,* 273 N.C. 306, 160 S.E. 2d 24 (1968); *State v. Kimrey,* 236 N.C. 313, 72 S.E. 2d 677 (1952). Defendant's argument that the question was error for the reason that it was leading has no merit. *State v. Humbles,* 241 N.C. 47, 84 S.E. 2d 264 (1954). His argument that the question aided the solicitor in making out a case of armed robbery is also without merit as placing the victim in fear is not one of the elements of armed robbery set forth in G.S. 14-87. Prior to the challenged question, the victim had testified that defendant held a sawed-off shotgun on her and threatened to blow her to pieces. This evidence was sufficient to show the use or threatened use of a firearm whereby the life of a person was endangered or threatened. *State v. Green,* 2 N.C. App. 170, 162 S.E. 2d 641 (1968). The assignment of error is overruled.

[2] Defendant assigns as error the court's instructions to the jury as to what the State was required to show in order for the

jury to return a verdict of guilty of armed robbery. It is settled law that the jury charge must be read as a whole and construed contextually, and isolated portions will not be held prejudicial when the charge as a whole is correct. *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765 (1970). Assuming that the portion of the charge challenged here was erroneous, we hold that there was no prejudice in view of the clear and proper instruction given prior to and subsequent to the challenged portion.

[3]  Finally, by his assignments of error 4, 5 and 7 defendant contends the court erred in allowing the witness McCree to testify to a damaging statement allegedly made by the victim at the time of the robbery, purportedly in corroboration of the victim when she had not testified to any such statement, and the court then emphasizing said statement by repeating it in the charge.

The record discloses: On direct examination the victim, Mrs. Sloan, testified that while she was working in the supermarket which she and her husband operated she saw the defendant, Charlie Laws; that defendant came in, asked for a pack of Camel cigarettes, and after she turned around from getting the cigarettes, defendant had a sawed-off shotgun on the counter pointed towards her. Following defendant's threat to blow her to pieces she surrendered $130 to defendant. Mrs. Sloan testified, "I was pretty sure it was him from the picture that I had been seeing in the paper. I know this is the man." On cross-examination defense counsel referred to Mrs. Sloan's statement that she was "pretty sure it was him" and asked her, "You were not absolutely sure?" Mrs. Sloan replied, "When they brought a real picture, you know, I knew it was him then." The witness McCree testified that he was in the store at the time, witnessed the robbery, and that as soon as defendant left the store Mrs. Sloan stated that the robber was Charlie Laws. Immediately thereafter the court asked McCree, "She told you it was Charlie Laws right after he went out?" The witness answered in the affirmative. The court allowed the testimony of McCree as to what Mrs. Sloan said for purpose of corroboration, if in fact it did corroborate Mrs. Sloan's testimony.

Evidence which tends to corroborate a witness is competent, and is properly admitted for that purpose, even though otherwise incompetent. 7 Strong, N. C. Index 2d, Witnesses,

---

§ 5, p. 696. Slight variances in corroborating testimony do not render such testimony inadmissible. *State v. Case,* 253 N.C. 130, 116 S.E. 2d 429 (1960); *State v. Crawford,* 3 N.C. App. 337, 164 S.E. 2d 625 (1968).

We hold that the admission of the testimony of McCree, accompanied with the court's admonition to the jury that they would consider the evidence only for the purpose of corroboration "if it does so corroborate her" was not error. The question as to whether McCree's testimony corroborated Mrs. Sloan was one for the jury and not the trial judge. *State v. Case, supra.*

Defendant received a fair trial, free from prejudicial error and the sentence imposed was within statutory limits.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.