STATE OF NORTH CAROLINA v. DENNIS K. TOLLEY

No. 7628SC182

(Filed 21 July 1976)

1. **Burglary and Unlawful Breakings § 2— breaking and entering — consent of occupant — intent to steal property of other occupants**

    Defendant did not have such consent to enter a residence by an occupant thereof as would absolve him of guilt of the crime of feloniously breaking and entering the residence where his entry was the result of a conspiracy with a friend to enter the residence occupied by the friend and his parents and to steal therefrom property owned by the parents.

2. **Criminal Law § 50; Larceny § 6— value of personalty — nonexpert opinion**

    Even though a witness is not qualified as an expert he may testify as to the value of his personal property.

3. **Criminal Law § 76— confession — absence of inducements**

    Trial court's finding that an officer made no inducements to defendant in order to obtain a confession was binding on appeal since it was supported by competent evidence on *voir dire.*

4. **Criminal Law § 113— recapitulation of evidence — references to accomplices not on trial**

    The trial court did not err in recapitulating evidence that persons who were not on trial were involved in the crimes for which defendant was being tried.

5. **Larceny § 8— submission of lesser offense — absence of prejudice**

    Defendant in a prosecution for felonious larceny was not prejudiced by the court's submission of the lesser offense of non-felonious larceny.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 12 December 1975 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 7 June 1976.

Defendant was tried on an indictment charging felonious breaking and entering and felonious larceny. The State's evidence at trial tended to establish that the defendant, Patrick Burnette, and Michael Rigsby devised a plan to rob the residence of Mr. and Mrs. Clement Rigsby, parents of Michael Rigsby. Pursuant to their scheme, on 22 July 1975, defendant and Pat Burnette entered the Rigsby home by using a key which Michael Rigsby had told them was located over the door. Mrs. Rigsby also testified that Burnette had seen the Rigsbys place the key over the door on several occasions and did not need Michael Rigsby's information regarding the location of the key.

Upon entering the Rigsby's residence defendant and Burnette stole an RCA color television, a police band scanner, a Panasonic radio, a stereo component set, and $37.81 in pennies. Defendant carried the stolen merchandise by automobile to a tunnel where he met with Patrick Edward Haskins. Defendant and Haskins transferred the stolen merchandise from the defendant's car to Haskins' car. Total value of the stolen merchandise was $1,700.

Officer Robert Webster testified that defendant made a statement to him regarding his involvement in the crime. Defend-

ant objected to his statement being admitted into evidence, and a voir dire hearing was held. The trial judge concluded that the statement was admissible, and Officer Webster testified that defendant admitted that he had participated in the breaking and entering and larceny.

Defendant did not present any evidence. The jury returned guilty verdicts as to each charge. From the judgments imposing prison sentences, defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Richard L. Griffin, for the State.*

*Cecil C. Jackson for defendant appellant.*

ARNOLD, Judge.

**[1]** Defendant assigns error to the failure of the court to grant his motion for judgment of dismissal. He contends that as a matter of law he is not guilty of breaking and entering because he had permission from an occupant of the home, the Rigsby's son, Michael, to enter the home. We disagree.

A person entering a residence with the good faith belief that he has the consent of the owner or occupant or his authorized agent is not chargeable with the offense of breaking and entering. *See* 93 A.L.R. 2d 534, § 3, Rule that Consent Constitutes a Defense. However, the circumstances of the instant case do not involve parties with good faith beliefs that they had consent to enter the residence. Mrs. Rigsby testified that Burnette (the defendant's accomplice) had been told never to come to the Rigsby home.

Defendant could not have reasonably believed that Michael Rigsby had authority to permit defendant to enter his parents' residence for the purpose of stealing valuables which belonged to his parents, and not to Michael Rigsby. Evidence establishes that Michael Rigsby knew of defendant's and Burnette's plot and felonious intent to enter into the Rigsby home and steal his parents' valuables. Defendant did not have authorized consent to enter the Rigsby home. *See State v. Friddle,* 223 N.C. 258, 25 S.E. 2d 751 (1943); *State v. Rowe,* 98 N.C. 629, 4 S.E. 506 (1887).

**[2]** There is no merit to defendant's next contention that the trial court erred in allowing Mr. Rigsby to testify regarding

the value of the stolen property. Even though a witness is not qualified as an expert he may testify as to the value of his personal property. *State v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920 (1944) ; *see also,* Stansbury, N. C. Evidence, Brandis Revision, § 128, Value.

There is also no merit in defendant's argument that the court erred in failing to limit the scope of testimony given by Rigsby for purposes of corroborating the witness, Hunter. He argues that the corroborative testimony exceeded the scope of Hunter's testimony. "Slight variances in corroborating testimony do not render such testimony inadmissible." *State v. Laws,* 16 N.C. App. 129, 191 S.E. 2d 416 (1972).

**[3]** Defendant next excepts to the finding of fact by the court on voir dire that the arresting officer made no inducements to defendant in order to obtain a confession. Since the trial court's finding of fact that "the officer made no offer of hope of reward or inducement for the defendant to make a statement" is supported by competent evidence, it is conclusive on appeal. *State v. Carey,* 285 N.C. 509, 206 S.E. 2d 222 (1974).

**[4]** Finally, defendant contends that the trial court erred in its instructions to the jury. He argues that the trial court erred in recapitulating the evidence by mentioning other persons' involvement in the crime who were not on trial or being charged in the crime. Defendant's argument is without merit. G.S. 1-180 requires the trial judge to recount the evidence presented at trial and to explain the law applicable. *State v. Gaines,* 283 N.C. 33, 194 S.E. 2d 839 (1973). Furthermore, objection to the trial court's recapitulation of the evidence should have been made before the jury retired so as to afford the court an opportunity for correction; otherwise, the objections are deemed to have been waived and will not be considered on appeal. *State v. Hargrove,* 27 N.C. App. 36, 217 S.E. 2d 715 (1975).

**[5]** Defendant also contends that there was no evidence to support the court's charging the jury on non-felonious larceny, and that such a charge was error. Defendant shows no prejudice by the court's instructions on the lesser charge of non-felonious larceny. *State v. Chase,* 231 N.C. 589, 58 S.E. 2d 364 (1950) ; *State v. Bunton,* 27 N.C. App. 704, 220 S.E. 2d 354 (1975).

All of defendant's assignments of error have been reviewed, and we find

No error.

Judges PARKER and HEDRICK concur.