**STATE v. LAWSON**

[105 N.C. App. 329 (1992)]

STATE OF NORTH CAROLINA v. JEFFREY CHARLES LAWSON

No. 9130SC303

(Filed 4 February 1992)

**Larceny § 8 (NCI3d) — sufficient evidence of felonious larceny — submission of misdemeanor larceny — defendant not prejudiced**

The evidence was sufficient for the jury to find that defendant aided and abetted in felonious breaking or entering of a mobile home and felonious larceny of a stereo therefrom by driving the actual perpetrator to and from the crime scene, and since misdemeanor larceny is a lesser included offense of felonious larceny, the trial court did not err to defendant's prejudice in submitting to the jury the possible verdict of aiding and abetting misdemeanor larceny.

**Am Jur 2d, Larceny §§ 13, 44, 80, 81, 146, 155, 174.**

APPEAL by defendant from *Washington (Edward K.), Judge.* Judgment entered 9 October 1990 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 13 January 1992.

Defendant was charged in a proper bill of indictment with felonious breaking or entering in violation of G.S. 14-54(a) and felonious larceny in violation of G.S. 14-72(b)(2).

The jury found defendant guilty of "aiding or abetting" the commission of misdemeanor larceny. From a judgment imposing a prison sentence of two years, suspended to supervised probation for four years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Archie W. Anders, for the State.*

*Holt, Bonfoey, Brown & Queen, by Frank G. Queen, for defendant, appellant.*

HEDRICK, Chief Judge.

On appeal, defendant contends the court erred in denying his motion to dismiss the charge of "aiding or abetting misdemeanor larceny." This assignment of error raises the question of the sufficiency of the evidence to be submitted to the jury as to the charges of felonious breaking or entering and felonious larceny.

The evidence tends to show the following: On 17 July 1990, Eddie Miller returned home from work to discover that the door to his mobile home had been kicked in, the wires to his stereo speakers ripped out, and his stereo lying in the yard. Deputy Sheriff Henson investigated the break-in and found that entry had been made through the front door of the trailer. Glass had been broken out of the storm door and was scattered across the living room floor. Deputy Sheriff Henson also discovered "spin" marks made by a car's tires approximately fifty feet from the trailer next to the driveway.

Between 2:00 and 3:00 p.m. on the afternoon of 17 July 1990, two of Mr. Miller's neighbors saw a "little brown car turned sideways in [Mr. Miller's] driveway, part of it in the ditch sitting there spinning." Defendant was seen sitting in the driver's seat of that car, and Gregory Kirkpatrick was seen coming from Mr. Miller's mobile home carrying a stereo which he dropped when two of the witnesses got out of a truck at a neighbor's house. Kirkpatrick then got into the car with defendant who immediately drove away.

From the foregoing evidence, the jury could find that (1) defendant and Gregory Kirkpatrick came to Mr. Miller's mobile home; (2) Kirkpatrick broke into the front door of the trailer and took Miller's stereo, carrying it to the automobile where defendant waited; (3) Kirkpatrick dropped the stereo in the yard when he realized he had been seen and got into the automobile with defendant; and (4) defendant drove away. From this evidence, the jury could infer that defendant and Kirkpatrick planned to break into Miller's mobile home and steal his stereo. The jury could also find that defendant aided or abetted Kirkpatrick by bringing him to Miller's trailer to steal the stereo, by hauling the stolen stereo away and by assisting in the escape.

We hold the evidence is sufficient for the jury to find that defendant aided and abetted Gregory Kirkpatrick in breaking or entering the premises of Eddie Miller with the intent to commit larceny therein, and the evidence is sufficient to support a finding by the jury that defendant aided and abetted in the felonious larceny of the stereo after breaking or entering. Furthermore, since misdemeanor larceny is a lesser-included offense of felonious larceny, *State v. Tolley*, 30 N.C. App. 213, 226 S.E.2d 672, *disc. review denied*, 291 N.C. 178, 229 S.E.2d 691 (1976), the trial court did not err to defendant's prejudice in submitting to the jury the pos-

sible verdict of aiding or abetting misdemeanor larceny. *State v. Chase*, 231 N.C. 589, 58 S.E.2d 364 (1950); *Tolley, supra.*

Defendant received a fair trial, free from prejudicial error.

No error.

Judges WELLS and JOHNSON concur.