[No. 16674-1-III.   Division Three.   November 3, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN ARNOLD GRIMES, *Appellant*.

*Mark D. Troyer,* for appellant.

*James R. Sweetser, Prosecuting Attorney,* and *Janet G. Gemberling* and *Kevin M. Korsmo, Deputies,* for respondent.

SCHULTHEIS, C.J. — To support a charge of residential burglary, the State must provide evidence of an unauthorized entry into a dwelling and of intent to commit a crime within the premises. RCW 9A.52.025(1). John Grimes was charged with residential burglary when he was apprehended helping three people steal items from a home. He was convicted of this charge and now appeals, contending he should have been allowed to argue he had a good faith belief he had authority to enter the premises. He also contends the trial court erred in admitting certain of his

pretrial statements and argues there is insufficient evidence to support the verdict. We affirm.

Just before noon in early August 1996, Cheryl Petersen drove by her daughter's house and saw a strange pickup truck backed up to the front porch. She parked her car, blocking the driveway, and walked toward the house. Mr. Grimes and another man walked out the front door. The other man approached her and she asked him what they were doing. He answered that he was moving his furniture out. She said, "I don't think so," and ran inside to call police. When she found that the telephone was gone, she ran back out and told her friend, waiting in her car, to go call the police. A small white car, carrying two women and the man who had approached her, suddenly appeared from the back of the house, managed to maneuver around Ms. Petersen's car in the driveway, and drove away.

While her friend left to find a telephone, Ms. Petersen confronted Mr. Grimes. It appeared that he might have moved the truck away from the house a few feet. Mr. Grimes asked her what was going on. She told him the police were coming and she was memorizing his license plates. He offered her a piece of paper and a pen to write down the license number and showed her his driver's license. She then asked him what he was doing. He told her the other three people approached him at a grocery store parking lot and offered him $20 for the use of his truck to move their furniture. A police officer soon arrived and arrested Mr. Grimes, who waived his *Miranda*[1] rights and told the officer the same story he had told Ms. Petersen.

Mr. Grimes was charged with residential burglary, RCW 9A.52.025, and he was released pending trial. A few days later he sought out Detective Kenneth Krogh, told him the story of the three people who paid for use of the truck, and offered to try to get their names. Mr. Grimes soon called and left on the detective's message machine "street names"

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3d 974 (1966).

for one of the women and the other man. He also provided a telephone number for the father of one of the women and the pager number for the man. A check with a department gang expert and police records showed that there were gang members with the given street names. Even so, the detective testified that he was never able to locate any of the three people, never talked to the woman's father, and could not remember if he tried to call the pager. Just before trial, Mr. Grimes approached Detective Krogh and asked him if he had called the telephone number or the pager number. He also asked the officer if he believed Mr. Grimes was guilty. When the detective answered yes, Mr. Grimes reportedly responded "I can believe that" or "I can live with that."

In a pretrial CrR 3.5 hearing, the State unsuccessfully objected to admission of Mr. Grimes's statements of innocence (he did not testify at trial) and Mr. Grimes unsuccessfully objected to admission of his latest statements to Detective Krogh. The defense offered no witnesses at trial. One of the State's proposed instructions indicated that intent to commit the crime could be inferred from the fact of unlawful entry. This instruction was later withdrawn. The defense proposed an instruction based on the statutory defense to first degree criminal trespass (RCW 9A.52.090):

> It is a defense to a charge of residential burglary that the defendant reasonably believed that the owner of the premises or other person empowered to license access to the premises would have licensed the defendant to enter or remain.

> The State has the burden of proving beyond a reasonable doubt that the trespass was not lawful. If you find that the State has not proved the absence of this defense beyond a reasonable doubt, it will be your duty to return a verdict of not guilty.

This instruction was excluded. The jury returned a verdict of guilty and this appeal followed.

■ A person is guilty of residential burglary if he or she enters or remains unlawfully in a dwelling with the intent

to commit a crime against a person or property in that dwelling. RCW 9A.52.025(1). Entry into a residence is unlawful if it is made without invitation, license or privilege. RCW 9A.52.010(3); *State v. Thomson*, 71 Wn. App. 634, 637-38, 861 P.2d 492 (1993). License to enter a premises may be granted only by the person who resides in or otherwise has authority over the property. *See, e.g., State v. Woods*, 63 Wn. App. 588, 821 P.2d 1235 (1991) (juvenile who was told by his mother not to enter his home did not have authority to license his friend to enter). Mr. Grimes entered the house here without the consent of the owner. He contends, however, that an unauthorized entry may not be unlawful if the accused has a good faith belief that the owner or occupant gave consent.

■ The State first urges us to disregard this issue because Mr. Grimes assigns no error to a relevant act or omission of the trial court, RAP 10.3(a)(3). Whether or not a party sets forth assignments of error for each issue on appeal, this court will reach the merits if the issues are reasonably clear from the brief, the opposing party has not been prejudiced and this court has not been overly inconvenienced. *State v. Olson*, 126 Wn.2d 315, 323, 893 P.2d 629 (1995). Mr. Grimes clearly expresses his issue here, apparently assigns error to the trial court's failure to give his proposed instruction on the good faith defense, the State suffers no prejudice and this court is not at all inconvenienced. The issue is properly before us on appeal.

■■ We begin by noting that a defendant in a criminal case is entitled to fully instruct the jury on the law as to the theory of defense. *State v. Montague*, 10 Wn. App. 911, 917, 521 P.2d 64 (citing *State v. Walker*, 82 Wn.2d 851, 514 P.2d 919 (1973)), *review denied*, 84 Wn.2d 1004 (1974). The jury instructions must not be misleading, must be supported by the evidence and must properly inform the trier of fact of the law. *State v. Valentine*, 75 Wn. App. 611, 616, 879 P.2d 313 (1994), *aff'd*, 132 Wn.2d 1, 935 P.2d 1294 (1997). Washington law does not address the precise issue here, but the examination of somewhat similar cases and decisions in other states provides guidance.

A few jurisdictions have held that a person who enters a residence with the good faith belief that he or she has the consent of the owner or occupant is not chargeable with "breaking and entering." *See, e.g., State v. Tolley*, 30 N.C. App. 213, 215, 226 S.E.2d 672 (1976), *cited in K.P.M. v. State*, 446 So. 2d 723, 724 (Fla. Dist. Ct. App. 1984) *and Smith v. State*, 477 N.E.2d 857, 863 (Ind. 1985). Even in these cases, all involving defendants who were allegedly given permission by the sons of the homeowners to enter and steal, the evidence of good faith is rebutted by evidence that the defendants entered with intent to commit a crime. *K.P.M.*, 446 So. 2d at 724; *Smith*, 477 N.E.2d at 863; *Tolley*, 30 N.C. App. at 215. As noted in *Smith*, 477 N.E.2d at 863, the "defendant could not have reasonably believed that the adult, nonoccupant son had authority to consent to defendant's entering of the parents' residence for the purpose of stealing valuables which belonged to his parents."

Similarly, the defendant in *Montague*, a Washington case, asserted that he reasonably believed the owner of a house hired him to break into the house and steal a large sum of money. At his trial Mr. Montague requested an instruction that read:

> "A person does not commit a crime by destroying property or taking property or entering a house, if the acts are done upon a reasonable belief that the owner of the property destroyed or taken or of the house entered, has given his consent or direction to the taking or destruction or entry. Consent may be either expressed or implied."

10 Wn. App. at 914-15 (emphasis omitted). The appellate court found that the concept of unlawful entry implies the existence of a guilty mind, which includes the intent to commit the criminal acts and the absence of any "mental pattern sufficient in law to exculpate" the one who performs the acts. *Id.* at 918. Accordingly, a reasonable mistake of fact negates both the guilty mind and the unlawful entry. *Id.* at 918-19. *Montague* noted that an honest, reasonable belief must be both sincere and based on acts that would have been proper if the facts had been as they

were mistakenly supposed to be. *Id.* at 919 (quoting ROLLIN M. PERKINS, CRIMINAL LAW 826 (1957)). Because Mr. Montague's actions were criminal whether or not the homeowner (whose reasons for setting up a false burglary were at best suspicious) authorized them, those actions belied the element of good faith. *Id.* at 920. The court affirmed the trial court's decision to refuse the proposed instruction on reasonable belief.

Here, of course, Mr. Grimes argues he not only believed he entered the house with the owner's consent, but he entered it without intent to steal. The trial court found that his proposed instruction was not supported by the evidence. In particular, it noted that the fact that a stranger says "Come help me move my stuff" is insufficient evidence that the stranger is authorized to license entry to the house.

Whether or not the proposed instruction on good faith belief is supported by the evidence, the fact remains that it has no bearing on the jury's determination of Mr. Grimes's guilt or innocence. The elements for residential burglary are unauthorized entry into a dwelling and criminal intent. RCW 9A.52.025. Each element must be proved independently.[2] Mr. Grimes's defense was that he mistakenly believed he was authorized to enter the dwelling and he never intended to steal. It is undisputed that he was not actually authorized. Even though the jury may have been bound by the instructions to find that the entry was unlawful, it could have acquitted him based on the evidence of his lack of intent. It did not choose to do so. Accordingly, even if the failure to include the instruction on good faith belief had been error, it was harmless. *State v. Thomas*, 110 Wn.2d 859, 864-65, 757 P.2d 512 (1988).

---

[2]Proof of intent to commit a crime will not establish unlawful entry. *State v. Miller*, 90 Wn. App. 720, 725, 954 P.2d 925 (1998). On the other hand, the Legislature has adopted a permissive inference to establish the requisite intent whenever the evidence shows a person enters or remains unlawfully in a building. RCW 9A.52.040; *State v. Brunson*, 128 Wn.2d 98, 107, 905 P.2d 346 (1995). The parties in the present case agreed to exclude an instruction on the inference of intent; therefore, the effect of such an inference on the issue of good faith belief that the entry was lawful is not before this court.

Mr. Grimes next contends the trial court erred in admitting his statement to Detective Krogh that he could "live with" or "believe" the detective thought he was guilty. He contends the statement is not an ER 804(b)(3) exception to the hearsay rule because it is not against penal interest but merely indicates his state of mind. He also argues its prejudicial effect outweighs its relevance. ER 403.

We first note that the statement by Mr. Grimes is not hearsay because it is his own statement and is offered against him in his criminal trial. ER 801(d)(2); *State v. Mitchell*, 117 Wn.2d 521, 534, 817 P.2d 398 (1991), *overruled on other grounds by State v. Dent*, 123 Wn.2d 467, 486, 869 P.2d 392 (1994). The statement is relevant because, as the trial court explained, it lends itself to two interpretations: as a confession or as an acknowledgement that the detective is entitled to his own opinion. If a confession, it contradicts Mr. Grimes's protestations of innocence. ER 401.

Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. ER 403. Admission or exclusion of relevant evidence is within the sound discretion of the trial court, which has broad discretion to balance the probative value of evidence with its potentially prejudicial impact. *State v. Stenson*, 132 Wn.2d 668, 701-02, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998). Considering the two possible interpretations of the statement here—one innocent and one inculpatory—we find that the court did not abuse its discretion in admitting it.

Finally, Mr. Grimes challenges the sufficiency of the evidence to support the elements of residential burglary. He contends a rational juror could not believe that he—a parolee—would drive up to the front door of a home in broad daylight to commit a crime.

We review a challenge to the sufficiency of the evidence in the light most favorable to the nonmoving party and ask whether a rational trier of fact could have found

guilt beyond a reasonable doubt. *State v. Brett*, 126 Wn.2d 136, 166, 892 P.2d 29 (1995), *cert. denied*, 516 U.S. 1121 (1996). All reasonable inferences are drawn in the State's favor. *State v. Partin*, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977).

■ Each of the elements of residential burglary is adequately established by the evidence here. The homeowner testified she had not given Mr. Grimes permission to enter, and her mother testified she saw him walk out of the house. These facts support the element of unlawful entry. RCW 9A.52.010(3), .025(1). The intent to commit a crime may be inferred from the evidence that Mr. Grimes's companion claimed ownership of the furnishings and fled the scene, and from the fact that Mr. Grimes had backed his pickup to the front door. RCW 9A.52.025. Drawing all reasonable inferences from this evidence in favor of the State, we find that reasonable jurors could find him guilty of residential burglary beyond a reasonable doubt.

Affirmed.

KURTZ and KATO, JJ., concur.