RAWLINSON, Circuit Judge,
concurring in part and dissenting in part, joined by Judges SILVERMAN, GOULD and CALLAHAN:
I agree with and join Parts I-IV of the majority opinion explaining why we should reverse our prior ruling in Navarro-Lopez v. Gonzales, 503 F.3d 1063 (9th Cir.2007) (en banc). However, I respectfully dissent from the balance of the opinion applying the modified categorical approach to the facts of this case.
Although the majority opinion overrules Navarro-Lopez’s rule regarding our inability to apply the modified categorical approach when a state statute is missing an element of a generic offense, it effectively re-imposes the same missing element rule in applying the modified categorical approach to the facts of this case. According to the en banc opinion, use of the modified categorical approach is precluded if applicable state law contains nuances that differ from the generic definition of the crime. However, Supreme Court precedent does not mandate or counsel such a restrictive approach.
In Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the United States Supreme Court articulated the important goals underlying enhanced sentences for burglary. Congress’ efforts to address the severe problems presented by repeat offenders were “intended to supplement the States’ law enforcement efforts against career criminals,” because “a large percentage of crimes of theft and violence are committed by a very small percentage of repeat offenders, and that robbery and burglary are the crimes most frequently committed by these career criminals.” Id. at 581,110 S.Ct. 2143 (citations and internal quotation marks omitted). “[BJurglary was included because it is one of the most common violent street crimes, and while burglary is sometimes viewed as a non-violent crime, its character can change rapidly, depending on the fortuitous presence of the occupants of the home when the burglar enters, or their arrival while he is still on the premises.” Id. (citation, alteration, and internal quotation marks omitted).
These same concerns mirror California’s rationale for treating burglary as a particularly serious felony. “The proscription against residential burglary is designed not so much to deter trespass and the intended crime but to prevent risk of physical harm to others that arises upon the unauthorized entry itself.” People v. Johnson, 150 Cal.App.4th 1467, 1476, 59 Cal.Rptr.3d 405 (2007), as modified (citation and alteration omitted). California’s efforts at deterrence are completely understandable, as California faces exceptionally high rates of burglary. Indeed, there were over 200,000 burglaries in each year between 2001 and 2006. See Burglary Crimes, 2001-2006, available at http://ag. ca.gov/cjsc/statisticsdatatabs/dtabscrims. php# burglary (last visited Feb. 11, 2011).
Against the backdrop of the Supreme Court’s articulated intent to uphold enhanced sentences for those convicted of the crime of residential burglary, we should proceed with caution before completely excluding a burglary conviction from that equation. In Taylor, the Supreme Court reminded us that:
Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or *976 other structure, with intent to commit a crime.
Taylor, 495 U.S. at 598, 110 S.Ct. 2143 (citations and footnote reference omitted). The Supreme Court further observed:
This usage approximates that adopted by the drafters of the Model Penal Code: A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.
Id. at 598 n. 8, 110 S.Ct. 2143 (citation and internal quotation marks omitted) (emphasis added). The Supreme Court confirmed that:
a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.
Id. at 599,110 S.Ct. 2143.
It is undisputed that the California burglary statute is broader than the generic definition of burglary.[1] However, when a defendant “has been convicted under a nongeneric-burglary statute,” the Supreme Court instructs us that the sentence enhancement may nevertheless be applied if “the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.” Id. at 602, 110 S.Ct. 2143. The Supreme Court, therefore, expressly adopted the modified categorical approach as a proper means for ascertaining whether a defendant was convicted of generic burglary. The Supreme Court explained:
For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.
Id. at 602,110 S.Ct. 2143.
In Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Supreme Court questioned whether the modified categorical approach identified in Taylor could be utilized in cases involving a guilty plea. Answering that question in the affirmative, the Supreme Court observed that “[t]he Taylor Court drew a pragmatic conclusion about the best way to identify generic convictions in jury cases, while respecting Congress’s *977 adoption of a categorical criterion that avoids subsequent evidentiary enquiries into the factual basis for the earlier conviction.” Id. at 20, 125 S.Ct. 1254 (emphasis added). Drawing a parallel to Taylor, the Supreme Court explained that a guilty plea could support a sentence enhancement pursuant to the Armed Career Criminal Act (ACCA) if the “prior conviction necessarily involved (and a prior plea necessarily admitted) facts equating to generic burglary.” Id. at 24, 125 S.Ct. 1254.
Despite the pragmatic approach described and approved in Taylor and Shepard, the majority opinion adopts an unyielding analysis premised on nuances of California law. Specifically, the majority opinion takes the view that “it is not so much that California burglary law lacks the requirement of unlawful or unprivileged entry; it simply contains a nuanced definition of ‘unlawful or unprivileged’ different from the common law definition.” Majority Opinion, p. 942 (emphasis in the original). The majority’s view simply ignores the fact that California’s burglary statute “retains two important aspects of common law burglary: the entry must invade a possessory right in the building and it must be committed by one who has no right to be in the building.” People v. Gill, 159 Cal.App.4th 149, 158-59, 70 Cal. Rptr.3d 850 (2008) (citation and internal quotation marks omitted); see also People v. Glazier, 186 Cal.App.4th 1151, 1158, 113 Cal.Rptr.3d 108 (2010) (“[T]he fundamental purpose of the burglary statute remains the protection of an occupant’s possessory interest in the safe habitation of a building. A burglary remains an entry which invades a possessory right in a building.... And it still must be committed by a person who has no right to be in the building[.]”) (citations, parentheses and internal quotation marks omitted).
Notwithstanding that California’s burglary statute expressly retains the basic elements of generic burglary, the en banc opinion relies on nuances in California case authority to support its premise that the charges against Aguila “tell[ ] us nothing about whether [Aguila’s] entry was ‘unlawful or unprivileged’ in the generic sense.” Majority Opinion, p. 945-46. However, the nuances identified in the majority opinion are associated with the contours of the potential defenses available to defendants who are licensed or privileged to enter a building, rather than with the elements of a burglary offense. See, e.g., Gill, 159 Cal.App.4th at 159, 70 Cal.Rptr.3d 850 (“Because the crime of burglary requires the invasion of a possessory right in a building, one cannot be found guilty of burglarizing one’s own residence.”) (citation omitted); see also People v. Ulloa, 180 Cal.App.4th 601, 606-607, 102 Cal.Rptr.3d 743 (2009) (recognizing the existence of a possessory interest as a potential defense). Indeed, California law expressly disavows the notion that the lack of a privileged entry is an element of burglary. See People v. Felix, 23 Cal.App.4th 1385, 1397, 28 Cal.Rptr.2d 860 (1994) (“Lack of consent by itself — is not an element of the offense .... There are occasions when consent given by the owner of the property will constitute a defense to a burglary charge. For instance, when the accused is the owner of the property or when the owner actively invites the accused to enter, knowing the illegal, felonious intention in the mind of the invitee, [sic]”) (citations, footnote reference and internal quotation marks omitted) (third emphasis added).
California is not alone in treating a licensed or privileged entry as a defense to burglary rather than as an element of the crime. For example, in Pennsylvania v. Majeed, 548 Pa. 48, 52, 694 A.2d 336 (1997), the Pennsylvania Supreme Court observed:
The Crimes Code provides: A person is guilty of burglary if he enters a building *978 or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter. Pursuant to this section, a person who is licensed or privileged to enter does not commit burglary although he or she intends to commit a crime within the premises. Although the statute does not define ‘licensed or privileged to enter,’ the statutory defense to burglary does not depend on ownership.
Id. at 52, 694 A.2d 336 (citations and footnote reference omitted) (last emphasis added); see also State v. Grimes, 92 Wash. App. 973, 980, 966 P.2d 394 (1998) (rejecting the defendant’s proffered jury instruction in a burglary trial, premised on the defense that the defendant was licensed to enter the residence); Colbert v. State, 49 So.3d 819, 821 (Fla.Dist.Ct.App.2010) (“Section 810.02(l)(b)l., Florida Statutes (2006), defines burglary as: Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter. If a defendant can establish that the premises were open to the public, then this is a complete defense to burglary.”) (citation, alterations, and internal quotation marks omitted) (emphasis in the original); Gray v. State, 163 Ga.App. 720, 721, 294 S.E.2d 697 (1982) (“Code Ann. § 26-1601 defines burglary as entering or remaining inside a building without authority and with the intent to commit a felony of theft therein. Therefore, only an authorized entry into the building would be an affirmative defense or, as pointed out in the prior opinion, mistake of fact.”) (citations and internal quotation marks omitted) (emphasis added).
Until today, we have not factored in varying defenses when performing the modified categorical analysis. See, e.g., United States v. Velasco-Medina, 305 F.3d 839, 851-52 (9th Cir.2002); see also Aguilar-Turcios v. Holder, 582 F.3d 1093, 1105 (9th Cir.2009) (describing the modified categorical analysis with absolutely no reference to potential defenses). However, the majority opinion now relies on a hypothetical defense from the Model Penal Code Commentaries to transform the modified categorical approach into a virtual checkmate of the burglary enhancement.
The Model Penal Code Commentary to Section 221.1 contains the following explication:
At least this much of the [common law] concept of ‘breaking’ should be retained in order to exclude from burglary situations such as the following: a servant enters his employer’s house as he normally is privileged to do, intending on the occasion to steal some silver; a shoplifter enters a department store during business hours to steal from the counters; a litigant enters the courthouse with intent to commit perjury; a fireman called on to put out a fire resolves, as he breaks down the door of the burning house, to misappropriate some of the householder’s belongings. Such situations involve no surreptitious intrusion, no element of aggravation of the crime that the actor proposes to carry out ...
Model Penal Code Commentaries, The American Law Institute, 69 (1980).[2]
Athough California courts have permitted a defense to burglary based on a privileged or licensed entry, as the en banc opinion acknowledges, the California statute does not lack the unlawful or unprivi *979 leged element of generic burglary. See Majority Opinion, p. 942-43. Rather our colleagues in the majority summarily contend that the “nuanced definition of unlawful or unprivileged” is sufficiently different from the generic definition of burglary to prevent application of the modified categorical approach unless the examined documents explained how the defendant’s “entry was unlawful or unprivileged in the generic sense.” Id., pp. 942-43, 945 (internal quotation marks omitted).
In contrast to the majority’s approach, the Supreme Court has articulated that Taylor “drew a pragmatic conclusion about the best way to identify generic convictions ...” Shepard, 544 U.S. at 20, 125 S.Ct. 1254 (emphasis added). The majority opinion, in my view, completely abandons the pragmatic approach counseled by the Supreme Court, instead requiring that burglary charges against a defendant conform to the precise hypothetical examples in the Model Penal Code Commentaries. Before today, we consulted the Model Penal Code to provide guidance in ascertaining the generic definition of a crime, not as a mandate that we must strictly follow. See, e.g., United States v. Velasquez-Bosque, 601 F.3d 955, 961 (9th Cir.2010) (rejecting the Model Penal Code definition of generic extortion); see also United States v. Esparza-Herrera, 557 F.3d 1019, 1023 (9th Cir.2009) (“The Model Penal Code serves as an aid in determining the offense’s generic meaning.”) (citation, alteration, and internal quotation marks omitted) (emphasis added). In Taylor, the Supreme Court stopped short of endorsing the Model Penal Code as binding. Instead, the Supreme Court advisedly explained that its definition of generic burglary “approximates that adopted by the drafters of the Model Penal Code[J” Taylor, 495 U.S. at 598 n. 8, 110 S.Ct. 2143 (emphasis added). The Supreme Court concluded that a state court burglary conviction should be recognized if the defendant “is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into ... a building or structure, with intent to commit a crime.” Id. at 599, 110 S.Ct. 2143. Supreme Court precedent, therefore, does not support the majority’s “nuanced” approach to the modified categorical analysis.[3]
Indeed, the Court’s opinion in Taylor eschews the majority’s approach. It states that the elements of a burglary are “an unlawful or unprivileged entry into., or remaining in, a building or other structure with intent to commit a crime.” Taylor, 495 U.S. at 599, 110 S.Ct. 2143 (emphasis added). Inclusion of the words “or remaining in” signifies that the Supreme Court did not interpret the generic federal crime of burglary as necessarily requiring that the initial entry be unlawful or unprivileged. Any other reading of the Court’s language renders “or remaining in” meaningless. We should adhere to the Supreme Court’s articulation of the elements of the crime of burglary. See United States v. Lindsey, 634 F.3d 541, 548 (9th Cir.2011) (holding that the Supreme Court’s analytical approach on- an issue is binding).
*980 Instead, the majority’s approach to the modified categorical analysis opens the floodgates to “nuanced” interpretations of various state defenses untethered from the basic elements of the generic crime, particularly as courts sift through state case law in search of aspects that may differ from the Model Penal Code hypotheticals. For example, California courts have ruled that no individual may be convicted of murder if he lacks the mental capacity to form the intent to kill. See, e.g., People v. Cortes, 192 Cal.App.4th 873, 121 Cal.Rptr.3d 605, 633 (2011). Are we now going to hold that if the indictment lacks any allegation regarding the mental capacity of a defendant, a murder conviction cannot be used to enhance a sentence? That is exactly where the majority opinion is leading the court, in the opposite direction from the Supreme Court’s guidance.
Until today, we have consistently followed the modified categorical analysis articulated in Taylor. In United States v. Rodriguez-Rodriguez, 393 F.3d 849, 857 (9th Cir.2005), as amended, the defendant “pled guilty to willfully and unlawfully entering a building with the intent to commit theft where the building was an inhabited dwelling house or other residential building within the meaning of Penal Code section 460.” (citations, alterations, and internal quotation marks omitted) (emphasis in the original). Although succinct, our analysis mirrored that in Taylor, where the Supreme Court expressly and explicitly opined that conviction of “any crime ... having the basic elements of unlawful or unprivileged entry into ... a building” constitutes a conviction for burglary. 495 U.S. at 599, 110 S.Ct. 2143. Because Rodriguez-Rodriguez pled guilty to unlawfully entering a residence, he admitted the elements of generic burglary. There was no need to engage in a metaphysical analysis of the nuances of California law that are more appropriate to the categorical module. See Taylor, 495 U.S. at 598-99, 110 S.Ct. 2143 (noting the “problem” of applying the categorical analysis where the state statute “varies from the generic definition”) (emphasis added); see also United States v. Williams, 47 F.3d 993, 995 (9th Cir.1995) (“Appellant’s argument that the California statute encompasses consensual entries of non-residential structures is unavailing because the charging instrument to which he pleaded nolo contendere specified the unlawful entry of a residence.”) (internal quotation marks omitted); United States v. Smith, 390 F.3d 661, 666 (9th Cir.2004) (noting that the factual basis for defendant’s plea established that he “unlawfully entered an inhabited dwelling,” thereby “encompassing] the three elements of the Taylor definition of generic burglary.”); Velasco-Medina, 305 F.3d at 851-52 (same).
In Aguilar-Turcios, the author of the majority opinion forcefully and convincingly eschewed the “nuanced” approach he now advocates:
The modified categorical analysis is concerned with determining whether the petitioner’s conviction fits the generieally defined crime, not whether the elements fit the defined crime.... Consider an example that has arisen repeatedly in our own jurisprudence. Suppose a defendant is charged with burglary, but the crime of conviction does not require one of the elements of the generic burglary crime: an unlawful entry. If the indictment, plea colloquy, or (in the event of a trial) jury instructions all make it clear that the defendant could not have been convicted of burglary unless the trier of fact concluded that the defendant entered unlawfully, the fact-finder still necessarily found the requisite elements of the generic crime, and Taylor and Shepard are satisfied.... Here, the Court acknowledged that some crimes of conviction would lack elements of their generic counterparts. *981 The Court held, nonetheless, that an offense constitutes the generic crime if the statutory definition substantially corresponds to the generic crime, or the charging paper and jury instructions actually required the jury to find all the elements of the generic crime----The approach in Li’s[4] concurrence is not so flexible. If a conviction is missing an element of the generic crime, a court can never look beyond the terms of the statute-even if the defendant specifically acknowledges that element in his plea. This approach completely removes certain crimes from consideration in the immigration context. For example, in California, Idaho, and Nevada, burglary does not contain an unlawful entry requirement. Regardless of the contents of the indictment, jury instructions, plea colloquy, or stipulated facts, it is now impossible to remove an alien based on a prior burglary conviction in these states____Although an alien can never be removed for a burglary that takes place in California, Idaho, or Nevada, aliens convicted of burglary in Alaska, Arizona, Hawaii, Oregon, Montana, and Washington, based on the same indictment, jury instructions, plea colloquy, or stipulated facts, face the possibility of removal because the statutes in these states contain an unlawful entry requirement. This is precisely the odd result that the Supreme Court sought to avoid in Taylor.
582 F.3d at 1103-05 (Bybee, J. dissenting) (citations and internal quotation marks omitted).
By rejecting the approach approved by the Supreme Court in favor of an absolute preclusion based on nuances in state law defenses, the majority opinion produces the same “odd results” decried by the Supreme Court. Taylor, 495 U.S. at 591, 110 S.Ct. 2143 (citations omitted). The following can be readily discerned from the guilty plea to first degree residential burglary as charged in the Information, see Excerpts of Record, Vol. I, 25:(1) Guillermo Aguila-Montes de Oca (Aguila-Montes) committed residential burglary; (2) he “willfully and unlawfully enter[ed] an inhabited dwelling house and trailer coach”; (3) he entered the portion of a building inhabited by someone else — Jacinto Padilla; and (4) he intended to commit larceny, by “taking ... another’s property, with the intent to steal and carry it away.” People v. Gomez, 43 Cal.4th 249, 254-55, 74 Cal.Rptr.3d 123, 179 P.3d 917 (2008) (citation and footnote reference omitted). By pleading guilty to unlawfully entering a dwelling occupied by someone else, Aguila-Montes necessarily admitted that there was no licensed or privileged entry premised on a possessory interest or on the occupant’s informed consent. See People v. Hulderman, 64 Cal.App.3d 375, 379, 134 Cal.Rptr. 223 (1976) (“Evidence establishing a defendant entered a dwelling with the intent to commit larceny supports an inference he entered without consent.”). Additionally, it can be surmised from the information that Aguila-Montes’ guilty plea did not implicate the Model Penal Code’s hypotheticals related to businesses open to the public, as his guilty plea was for residential burglary. The Information elucidated that Aguila-Montes “invade[d] a possessory right in the building and ... [that he] had no right to be in the building.” Gill, 159 Cal.App.4th at 159, 70 Cal. Rptr.3d 850. Aguila, therefore, was “convicted of [a] crime ... having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.” Taylor, 495 U.S. at 599, 110 S.Ct. 2143 (emphasis added).
*982 Relying on People v. Sherow, 195 Cal. App.4th 228, 123 Cal.Rptr.3d 880 (2011), Judge Berzon posits that unlawful entry is not an element of burglary under California law. See Berzon Concurrence, p. 974 & n. 27. We are puzzled by this assertion, as California law is expressly to the contrary. See People v. Montoya, 7 Cal.4th 1027, 1042, 31 Cal.Rptr.2d 128, 874 P.2d 903 (1994) (“The crime of burglary consists of an act — unlawful entry — accompanied by the intent to commit grand or petit larceny or any felony.”) (citation and footnote reference omitted) (emphasis added); see also In re Matthew A., 165 Cal.App.4th 537, 540, 81 Cal.Rptr.3d 119 (2008) (“Burglary involves the act of unlawful entry accompanied by the specific intent to commit grand or petit larceny or any felony.”) (citations omitted) (emphasis added); People v. Valencia, 28 Cal.4th 1, 12, 120 Cal. Rptr.2d 131, 46 P.3d 920 (2002) (“[B]urglary now entails only unlawful entry”) (citation omitted).
Indeed, in Sherow the California Court of Appeal did not exclude unlawful entry as an element of burglary. Rather, the court addressed whether the defendant’s lack of consent was an affirmative defense. See Sherow, 128 Cal.Rptr.3d at 260 (“Case law establishes that the lack of consent to enter the building at issue is not an element of burglary. Therefore, state law governs the issue of whether the defendant or the prosecution has the burden of proof on the affirmative defense of consent to burglary ... ”) (citations omitted). The court recognized that unlawful entry is indeed an element of burglary:
According to statute, a person is guilty of burglary if he or she enters a building or other structure listed in the statute with intent to commit grand or petit larceny or any felony. Based on common law precedent, our Supreme Court has clarified the statutory element of entry by explaining that the crime of burglary involves entry that invades a possessory right in a building, and must be committed by someone who has no right to be in the building.
Id. at 263 (citations and internal quotation marks omitted) (emphasis added). “On the premise that the type of entry involved in burglary is the invasion of a possessory right by someone who has no right to be in the building for illegal purposes, case law has developed the consent defense to burglary.” Id. (citations omitted). The California Court of Appeal opined that:
the defense arises out of the principle that the element of entry referred to in the burglary statute must invade a possessory right in a building and must be committed by a person who has no right to be in the building for the purpose of committing illegal acts. Indeed, as our Supreme Court has observed, lack of consent is material to burglary because it is material to the element of entry[.]
Id. (citation and alterations omitted) (emphasis in the original). ■
As explained in these cases, it is lack of consent that is not an element of burglary under California law. Because lack of consent is an affirmative defense rather than an element of the offense, the convoluted analysis regarding California’s purportedly nuanced definition of burglary is superfluous. After all, Aguila-Montes’ guilty plea reflected that he was not asserting an affirmative defense premised on any form of consent, which was his burden to prove. See id. at 264 (“The consent defense therefore goes to the heart of a defendant’s guilt or innocence of the crime of burglary. Accordingly, a defendant has the burden of proof to establish a reasonable doubt as to the facts underlying the defense.”). Aguila-Montes waived all defenses, including the affirmative defense of consent, and pled guilty to the elements of generic burglary, period.
*983 Judge Berzon accuses me of ignoring the breadth of “the California concept of unlawful ...” Concurring Opinion, p. 973. However, it is Judge Berzon who studiously ignores the difference between elements of an offense and affirmative defenses to those elements. Resort to a truism referencing the difference between a dog’s tail and his leg can’t salvage this flawed analysis. See Concurring Opinion, p. 974 n. 27. Regardless of configuration, that dog won’t hunt.[5]
Sadly, a survey of California cases reveals the substantial impact the majority opinion will have, as California law is replete with examples of Informations limited to allegations similar to those in this case. See, e.g., People v. Birks, 19 Cal.4th 108, 118 n. 8, 77 Cal.Rptr.2d 848, 960 P.2d 1073 (1998) (“Count 1 simply alleged that defendant ‘did willfully and unlawfully enter a commercial building with intent to commit larceny and any felony.’ ”) (alteration omitted); People v. Atkins, 210 Cal. App.3d 47, 53 n. 2, 258 Cal.Rptr. 113 (1989) (“The amended information charged appellant with ‘the crime of residential burglary’ and further stated that he ‘did willfully and unlawfully enter an inhabited dwelling house and inhabited portion of a building’ occupied by Carol Jarvis.”) (alterations omitted); People v. Goodwin, 202 Cal. App.3d 940, 945-46, 249 Cal.Rptr. 430 (1988) (“Appellant was charged in the information with two counts of residential burglary, in violation of Penal Code section 459 in that as to both counts he did willfully and unlawfully enter an inhabited dwelling house and an inhabited portion of a building, which was an occupied residence, with an intent to commit larceny.”) (alterations and internal quotation marks omitted); People v. Colbert, 198 Cal.App.3d 924, 927, 244 Cal.Rptr. 98 (1988) (“[T]he information in the previous case alleg[ed] that ... appellant had committed a burglary in that he did willfully and unlawfully enter the residence and building occupied by Anthony and Joann Rosso with the intent to commit larceny[.]”) (internal quotation marks omitted); People v. Deay, 194 Cal.App.3d 280, 283, 239 Cal.Rptr. 406 (1987) (“Defendant was charged in counts I and II of the information with Residential Burglary, in violation of Section 459 of the Penal Code, in that he unlawfully entered the inhabited dwelling and residence of each victim.”) (alteration and internal quotation marks omitted); People v. O'Bryan, 37 Cal.3d 841, 843, 210 Cal.Rptr. 450, 694 P.2d 135 (1985) (“The prosecution filed an information charging defendant with two counts of burglary. The first count asserted that ... defendant did willfully and unlawfully enter the residence of Marie Paz Estrata, with the intent to commit larceny. The second count, in identical language, charged an entry into the residence of Teresa Colleen Strom.”) (alterations and internal quotation marks omitted); Hulderman, 64 Cal.App.3d at 379, 134 Cal.Rptr. 223 (“Defendant was charged with burglary in that he did wilfully and unlawfully enter a residence and trailer coach occupied by Georgia Ellen Pettit with the intent to commit larceny.”) (internal quotation marks omitted); People v. Totem, 62 Cal.App.3d 655, 657, 133 Cal. Rptr. 265 (1976) (“Except for the dates and the names of the business establishments alleged to have been entered, all five counts of the information charged burglary in identical language. Count One of the information read: On or about 3/31/75 *984 Carl Maxwell Tatem did unlawfully enter a building, Snyder’s Bakery, with intent to commit theft, in violation of Penal Code section 459.”) (internal quotation marks omitted).[6] Given the manner in which California Informations are drafted, very few, if any, would distinguish whether the entry was “unlawful” under California criminal law or “unlawful or unprivileged in the generic sense,” as defined by the majority opinion’s interpretation of nuances [affirmative defenses] applied to the California burglary statute. Majority Opinion, pp. 945-47.
In sum, importing Navarro-Lopez’s rejected missing element rule into the modified categorical analysis, as the majority opinion would essentially do, ignores the Supreme Court’s approach to the modified categorical approach as articulated in Taylor, and completely thwarts the intent of Congress that burglary be included as a predicate offense. See Taylor, 495 U.S. at 588, 110 S.Ct. 2143. For those reasons, I respectfully dissent from that portion of the majority opinion.

. We note that the charge of residential burglary does not implicate the Model Penal Code’s hypotheticals concerning entiy into a business, shoplifting, or non-larceny offenses.

. The majority essentially concedes this point. See Majority Opinion, pp. 941 n. 22. It then seeks to blunt that concession by asserting that the words "unlawful or unprivileged” modify the "remaining in” language in Taylor, 495 U.S. at 599, 110 S.Ct. 2143. See id. We agree. However, the majority’s further assertion that this would allow for a burglary conviction based on a person’s mere presence in a building fails to appreciate the error of treating affirmative defenses as elements of the generic crime, and its own recognition that California law does not require that a person’s initial presence in a building be "unlawful or unprivileged.” Majority Opinion, pp. 941-43.

. Li v. Ashcroft, 389 F.3d 892 (9th Cir.2004).

. We note that the best authority Judge Berzon can summon for her argument is a "general” citation to a treatise. See id. In any event, review of the treatise section cited "generally” reinforces the dichotomy between the elements of burglary and potential affirmative defenses to those elements. See B.E. Witkin, 2 Within Cal.Crim. Law Crimes — Property § 123 (3ded.2010).

. Although these California cases contain a multitude of additional facts that may or may not lend themselves to application of the modified categorical approach, they exemplify the consistent language utilized in California In-formations to charge burglary. Indeed, there is nothing anomalous about California’s practice, as the purpose of a charging document is to inform the defendant of the crimes he is alleged to have committed, not to anticipate and list any potential defenses. See People v. Arevalo-Iraheta, 193 Cal.App.4th 1574, 1581, 124 Cal.Rptr.3d 363 (2011).