

**FILE**
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE ___ JAN 2 3 2020
_____, C J
CHIEF JUSTICE

This opinion was
filed for record
at 8am on Jan 23, 2020

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) ) ) ) ) ) ) ) ) ) ) | No. 97150-1 |
| Respondent, | | |
| v. | | En Banc |
| KENNETH CHANCE BROOKS, | | |
| Petitioner. | | Filed ___ JAN 2 3 2020 |

MADSEN, J.—In this child molestation and rape case, we are asked to determine whether the trial court abused its discretion in granting the State's motion to expand the time period noted in the information after both the State and the defense rested. We hold that under the circumstances of this case, the trial court did not err, and we affirm the Court of Appeals, thereby affirming defendant's conviction.

## FACTS

In 2014, C.H.[1] was 15 years old, and lived with her mother and sister in an apartment in Longview, Washington. C.H.'s older brother (by six years) did not live with her but would come over to the apartment frequently.

---

[1] We refer to the victim, a minor, by her initials to preserve her privacy.

Defendant Kenneth Brooks was a good friend of C.H.'s brother. Brooks was eight years older than C.H. and had known C.H. since she was nine years old. C.H. considered Brooks to be like a brother to her.

In January 2014, Brooks was living in California but came to visit both C.H.'s family and his own. Brooks alternated staying with his relatives and at C.H.'s apartment. During this time, Brooks and C.H. would watch Netflix alone together in the living room. While watching Netflix with C.H., Brooks would cuddle with her. One evening, while they were laying on the couch together, Brooks reached into C.H.'s shirt and began rubbing her breast. C.H. became frightened and did not move. This continued for about five minutes. C.H. did not reciprocate, and eventually, Brooks stopped.

C.H. was upset. Brooks told C.H. it would not happen again and asked her not to tell her mom. Two days later, C.H. told her mom what had happened. C.H.'s mom did not contact the police, however, and Brooks returned to California.

In the summer of 2014, Brooks returned to visit with his girlfriend from California, and they stayed with C.H.'s family. On the evening of August 16, 2014, C.H., her sister, and Brooks were at home, downstairs. C.H.'s mother was upstairs. C.H., her sister, and Brooks played games while drinking beer and vodka into the morning of August 17, 2014. C.H. became intoxicated and passed in and out of consciousness. Brooks raped C.H. and then left her to sleep.[2]

---

[2] Details of the rape are not necessary as Brooks' rape conviction is not challenged. Much of the trial was taken up with testimony concerning forensic, DNA (deoxyribonucleic acid), and other evidence corroborating C.H.'s testimony regarding the rape.

2

C.H. was still intoxicated and was vomiting until 2:00 p.m. on August 17. C.H. told her sister what had happened, and the police were notified. The police came to C.H.'s home and gathered evidence regarding the rape allegation.

On August 17, 2014, Brooks called C.H.'s mother and left a voicemail stating he would tell her what happened and he would apologize. Brooks returned to California. Brooks was ultimately charged with rape of a child in the third degree for raping C.H. on or about August 17, 2014, and child molestation in the third degree for molesting C.H. at a time "on or about or between" January 1, 2014 and January 31, 2014. Clerk's Papers (CP) at 1. On February 22, 2017, the case proceeded to trial, and C.H. testified to events as described above.

At trial, after the State rested, Brooks testified. Brooks stated that on occasions in 2014, when he would visit from San Francisco, he would stay at C.H.'s apartment. When asked if he was in Washington in January 2014, Brooks responded, "I cannot say on January. I know I was here in May [2014]." Verbatim Report of Proceedings (Feb. 23, 2017) (VRP) at 54. Brooks testified that while he and C.H. were at her apartment watching a movie, he touched C.H.'s breasts inappropriately with his hand. Brooks said this was the only time that he touched C.H. inappropriately. Brooks believed he touched C.H. in May because he claimed this was when he had sent a text message apologizing to C.H.

As to the rape allegation, Brooks offered a general denial. Brooks admitted that he drank with C.H. and her sister on the night of August 16, 2014. Brooks testified that

3

C.H. was intoxicated and passing out, so he took her upstairs to her room so she could go to bed. But he denied having sex with C.H.

After Brooks testified, the defense rested. Prior to instructing the jury, the State moved to amend the information, expanding the date range on the child molestation in the third degree charge. Brooks objected but provided no basis for his objection and did not request a continuance. The trial court granted the State's motion to amend the information regarding the third degree child molestation charge and revised the to-convict instruction accordingly. The amended information provided a date range of "on or about or between [January 1, 2014] and [May 31, 2014]." CP at 8.

In closing argument, Brooks' attorney conceded that the State had proved beyond a reasonable doubt that Brooks was guilty of child molestation in the third degree. Defense counsel argued that Brooks had admitted to this crime and apologized for it. Defense counsel contrasted Brooks' admission to molesting C.H. with his denial of sexual intercourse to bolster his contention that the State had not proved the rape beyond a reasonable doubt. The jury found Brooks guilty of both third degree child rape and third degree child molestation.

Brooks appealed only the molestation conviction, arguing the trial court abused its discretion by allowing the amendment. Brooks claimed the amendment caused him to lose the opportunity to adjust his defense strategy, claiming if he had known the State would amend the date range, then he might have decided not to testify. The Court of Appeals affirmed Brooks' conviction, finding that the trial court did not abuse its discretion in allowing the amendment to the date range. *State v. Brooks*, No. 50299-2-II,

slip op. at 1 (Wash. Ct. App. Jan. 15, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2050299-2-II%20Unpublished%20Opinion.pdf. Brooks then petitioned for review, which this court granted. *State v. Brooks*, 193 Wn.2d 1036, 447 P.3d 544 (2019).

## ANALYSIS

Brooks contends that the trial court abused its discretion in granting the State's motion to amend the information concerning the molestation charge after both parties had rested. Specifically, he contends that such late amendment "undermined [his] trial strategy, prejudicing his rights to know the charges, to prepare and present a defense, and to decide whether to testify or remain silent." Suppl. Br. of Pet'r at 13.

This court reviews a decision to grant a motion to amend the information for abuse of discretion. *State v. Brett*, 126 Wn.2d 136, 155, 892 P.2d 29 (1995); *State v. Lamb*, 175 Wn.2d 121, 130, 285 P.3d 27 (2012). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. *Lamb*, 175 Wn.2d at 127. A court's decision is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard. *Id.* A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard. *Id.*

As required by the federal and state constitutions, the State must allege in the charging document all *essential* elements of a crime to inform a defendant of the charges against him and to allow for preparation of his defense. *See* U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *cf. State v. Mason*, 170 Wn. App. 375, 378-79, 285 P.3d 154

5

(2012) (charging document is constitutionally sufficient if the information states each essential element of the crime, even if it is vague as to some other matter significant to the defense); *id.* at 379 (courts first look to the statute to determine the elements that the prosecution must prove to sustain a conviction). Here, the date of the offense is simply not an essential element of the crime charged—third degree child molestation.[3] *See State v. Goss*, 186 Wn.2d 372, 379, 378 P.3d 154 (2016) (essential element is one whose specification is necessary to establish the very illegality of the behavior charged).

Further, court rule provides for amendment of the information. CrR 2.1(d) provides that an information may "be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced." This rule, however, "necessarily operates within the confines of article 1, section 22." *State v. Pelkey*, 109 Wn.2d 484, 490, 745 P.2d 854 (1987). Accordingly, this court adopted a bright-line rule in *Pelkey*, stating:

> A criminal charge may not be amended *after* the State has *rested* its case in chief unless the amendment is to a lesser degree of the same charge or a lesser included offense. Anything else is a violation of the defendant's article 1, section 22 right to demand the nature and cause of the accusation against him or her. Such a violation necessarily prejudices this substantial constitutional right, within the meaning of CrR 2.1(e) [(now CrR 2.1(d))].

---

[3] RCW 9A.44.089(1) provides:
> A person is guilty of child molestation in the third degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and the perpetrator is at least forty-eight months older than the victim.

*Id.* at 491 (emphasis added). *Pelkey* addressed the State's amendment of the information to a new offense, that is, a different crime with different elements (from bribery to trading in special influence). *Id.* at 487; *see also State v. Peterson*, 133 Wn.2d 885, 893, 948 P.2d 381 (1997) (*Pelkey* held "no prejudice need be shown when the amendment is to a *different charge* and the amendment is made after the State has rested." (emphasis added)). That is not the case here: before and after the amendment, the crime charged (third degree child molestation) and its essential elements remained the same; only the date was expanded. Accordingly, the Court of Appeals here correctly rejected Brooks' contention that the date amendment at issue was reversible error under *Pelkey*. *See Brooks*, No. 50299-2-II, slip op. at 7.

"Where the *Pelkey* rule does not apply, the defendant has the burden of demonstrating prejudice under CrR 2.1(d)." *State v. Ziegler*, 138 Wn. App. 804, 809, 158 P.3d 647 (2007) (citing *State v. Brown*, 111 Wn.2d 124, 761 P.2d 588 (1988) (plurality opinion)). Here, because the amendment concerns only a date expansion, Brooks cannot show the required prejudice.

> Cases involving amendment of the charging date in an information have held that the date is usually not a material element of the crime. Therefore, amendment of the date is a matter of form rather than substance, and should be allowed absent an alibi defense or a showing of other substantial prejudice to the defendant.

*State v. DeBolt*, 61 Wn. App. 58, 61-62, 808 P.2d 794 (1991); *see also State v. Goss*, 189 Wn. App. 571, 576, 358 P.3d 436 (2015), *aff'd*, 186 Wn.2d 372 (same). In *DeBolt*, which also concerned sex crimes against minors, the State moved to amend the time periods of the two charged indecent liberties counts after the State had rested and the

defendant had testified. Division One of the Court of Appeals affirmed expansion of an information time period from one month to four months. *DeBolt*, 61 Wn. App at 60. Division One explained,

> *Pelkey* refers to a "criminal charge" being amended. *Pelkey,* 109 Wn.2d at 491. Since the date here was not a material part of the "criminal charge", this case falls outside the ambit of *Pelkey.* The precise date the abuse occurred was not a critical aspect of the original information, which alleged the act was committed *during a period of time.* Children often cannot remember the exact date of an event, and in cases of sexual abuse, they may repress memory of that date.

*Id.* at 62 (emphasis added) (internal quotation marks omitted). In *DeBolt*, as here, "the crime charged remained the same after the amendment." *Id.*; *see also State v. Allyn,* 40 Wn. App. 27, 35, 696 P.2d 45 (1985) (where elements of the crime charged remained the same both before and after the change of the date, such change in date is not material where no alibi is claimed). The *DeBolt* court concluded that "the amendment neither violated [defendant's] constitutional rights, nor resulted in prejudice." *Id.* at 63. The only relevant difference between this case and *DeBolt* is that the trial court in *DeBolt* granted the defendant a two-day continuance. While no continuance was granted here, Brooks did not ask for one. *See State v. Brown,* 74 Wn.2d 799, 801, 447 P.2d 82 (1968) (defendant cannot claim error from the amendment of an information unless she can show she was prejudiced thereby; if defendant was misled or surprised by the amendment of the information, she was entitled to move for a continuance to secure time to prepare her defense, and the fact that she did not do so is persuasive of a lack of surprise and prejudice); *see also State v. Hayes,* 81 Wn. App. 425, 441, 914 P.2d 788 (1996) (time is not of the essence in sexual assault charges, and it does not become an element of an

offense merely because the defendant pleads an alibi defense); *State v. Vangerpen*, 125 Wn.2d 782, 790, 888 P.2d 1177 (1995) (convictions based on charging documents that contain only technical defects, such as an error in the date of the crime, usually need not be reversed); *State v. Schaffer*, 120 Wn.2d 616, 620, 845 P.2d 281 (1993) ("'Technical defects not affecting the substance of the charged offense do not prejudice the defendant and thus do not require dismissal.'" (quoting *State v. Leach*, 113 Wn.2d 679, 696, 782 P.2d 552 (1989))); *see also State v. Pitts*, 62 Wn.2d 294, 298, 382 P.2d 508 (1963) (defendant should not escape his transgressions merely because the time of commission cannot be fixed in precise terms); *State v. Osborne*, 39 Wash. 548, 551, 81 P. 1096 (1905) (allegation of time in an information is immaterial other than it must be shown on the face of the information that the right to prosecute for the crime charged is not barred by the statute of limitations).

Finally, the wording of the time reference in the original information put Brooks on notice that the molestation charge was alleged flexibly as to the timing of that incident. As noted, the original information charged Brooks with child molestation in the third degree "on or about or between [January 1, 2014] and [January 31, 2014]." CP at 1. "[W]here time is not a material element of the charged crime, the language 'on or about' is sufficient to admit proof of the act at any time within the statute of limitations, so long as there is no defense of alibi." *Hayes*, 81 Wn. App. at 432. "'Where the [information] alleges that an offense allegedly occurred 'on or about' a certain date, the defendant is deemed to be on notice that the charge is not limited to a specific date.'" *State v. Statler*, 160 Wn. App. 622, 640-41, 248 P.3d 165 (2011) (alteration in original) (internal

quotation marks omitted) (quoting *State v. Bergin*, 214 Conn. 657, 574 A.2d 164, 173

(1990)); *see also State v. Oberg*, 187 Wash. 429, 432, 60 P.2d 66 (1936) ("the time

designated in the information was *on or about* April 3. That was sufficient to admit proof

of the act at any time within the statute of limitations, there being no defense of alibi.").[4]

In his supplemental brief, Brooks relies on *State v. James*, 108 Wn.2d 483, 739

P.2d 699 (1987), and *State v. Hakimi*, 124 Wn. App. 15, 98 P.3d 809 (2004), but those

cases do not assist him. In *James* (a pre-*Pelkey* case), this court affirmed the trial court's

granting of a pretrial motion to amend the charge to first degree murder. *James* is too

different to offer any useful guidance here. But this court did note that "CrR 2.1(e) [(now

CrR 2.1(d))] controls the trial court's discretion and this court's review." *James*, 108

Wn.2d at 486. "Under CrR 2.1(e), a trial court 'may permit any information or bill of

particulars to be amended at any time before verdict or finding if substantial rights of the

defendant are not prejudiced.' The defendant has the burden of showing specific

prejudice to a substantial right." *Id*. (quoting *State v. Aleshire*, 89 Wn.2d 67, 71, 568

P.2d 799 (1977)).

---

[4] Amicus Washington Association of Criminal Defense Lawyers (WACDL) argues in part that Brooks' case is "analogous to an alibi situation." Br. of WACDL as Amicus Curiae at 2. It is not. Here, Brooks confessed to the molestation while testifying at trial. He thought it occurred in May rather than in January, as C.H. testified. When asked if he was present in Washington in January 2014, he testified that he could not recall. VRP at 54. "An alibi defense denies that the defendant committed the crime." *State v. Riker*, 123 Wn.2d 351, 367, 869 P.2d 43 (1994); *State v. Johnson*, 19 Wn. App. 200, 205, 574 P.2d 741 (1978) ("'by asserting that he was at another place at the time when the alleged crime was committed, the defendant is denying by necessary implication, if not expressly, the allegations set forth in the charge'"). Brooks did not allege that he was elsewhere in January, and he admitted to the molestation. That is not an alibi defense.

In *Hakimi*, Division One held that the defendant failed to show prejudice regarding the amendment of the information *during* the State's case. The court noted, in part, that the amendment did not allege an additional count and that it concerned the same factual scenario and, thus, the amendment did not prejudice defendant's right to defend himself. *Hakimi*, 124 Wn. App. at 28. As noted, *Hakimi* addressed an amendment *before* the State rested and is not analogous here.

Along with *Pelkey*, Brooks repeats in this court his citation of *State v. Markle*, 118 Wn.2d 424, 823 P.2d 1101 (1992), *Schaffer*, and *Vangerpen* as support. But these cases do not assist him. As discussed above, the amendment in *Pelkey* concerned "a completely different crime" and is thus distinguishable from the present case. *Schaffer*, 120 Wn.2d at 621 (discussing *Pelkey* and so noting). In *Markle*, this court held that the State's midtrial amendment (at the close of the State's case) of the information from the original charge of statutory rape to indecent liberties (a different crime with different elements) violated defendant's Washington Constitution article I, section 22 rights, 118 Wn.2d at 431-32—again, a different circumstance than Brooks' case.

In *Schaffer*, this court affirmed the trial court's grant of the State's motion (brought *before* the State rested) to amend the information to bring it into conformity with the evidence (i.e., to allege malicious mischief based on both slashing tires *and* knocking down mailboxes). This court held that *Pelkey* did not apply, that CrR 2.1(e) (now CrR 2.1(d)) applied and delineated the constitutional boundaries applicable to amendments *during* the State's case, and that the amendment was proper. Regarding such amendments during the State's case, the burden is on the defendant to show

prejudice, and "[i]f a defendant is prejudiced by an amendment, then he or she should be able to demonstrate this fact." *Schaffer*, 120 Wn.2d at 623.

Finally, in *Vangerpen*, after the State rested, it sought to amend the information to add an inadvertently omitted statutory element (resulting in charging a different crime than the State intended). This court held that the *Pelkey* rule applied; thus, the State may not amend the information to charge a *different* crime after the State has rested. *Vangerpen*, 125 Wn.2d 787. That is a different circumstance than Brooks' case (i.e., there is no missing statutory element here). Relevant to Brooks' case, *Vangerpen* opined,

> Convictions based on charging documents which contain only technical defects (such as an error in the statutory citation number *or the date of the crime* or the specification of a different manner of committing the crime charged) usually need not be reversed. However, omission of an essential statutory element cannot be considered a mere technical error.

*Id.* at 790 (emphasis added) (footnote omitted).

None of this helps Brooks. Instead, the above cases bolster the notion that where *Pelkey*'s per se prejudice rule does not apply, CrR 2.1(d) governs and the burden to show prejudice is on the defendant. Here, while the State moved to amend after both parties rested, the amendment sought was not to a different crime but merely to conform (i.e., correct a technical defect) concerning the date of the crime as confessed by defendant at trial. In this circumstance, the court rule rather than *Pelkey*'s per se prejudice rule should apply. And, under CrR 2.1(d), Brooks cannot meet his burden to show prejudice here by the amendment expanding time because he was on notice from the "on or about"

language used in the original information that the molestation incident date was not specifically limited. *Hayes*, 81 Wn. App. at 432; *Statler*, 160 Wn. App. at 640-41.[5]

In this circumstance, we hold that the trial court did not abuse its discretion in granting the State's motion to amend the information to merely expand the date range concerning the molestation charge. Because the same charge was in place before and after the amendment, and the trial court relied on case law that permitted such amendment, *see* VRP at 84-88 (noting the trial court's reliance on *Goss, DeBolt, Allyn,* and *Osborne*), it cannot be said that the decision to grant the amendment lay outside the range of acceptable choices, in light of the facts and the applicable legal standard. *See Lamb*, 175 Wn.2d at 127; *see also Goss*, 186 Wn.2d at 383 (a court abuses its discretion only if no reasonable person would take the view adopted by the trial court).

## CONCLUSION

We hold that the trial court did not abuse its discretion in granting the State's motion to amend the information concerning the charge of third degree child molestation after both parties rested. The amendment did not alter the substantive charge and only expanded the time frame to conform to the defendant's confession to the molestation as defendant testified to at trial. Accordingly, we affirm the Court of Appeals and defendant's conviction.

---

[5] As explained, *Pelkey*'s per se prejudice rule does not apply here and, under the circumstances of this case, defendant cannot show prejudice concerning the amendment of time stated in the information. Our decision does not foreclose an argument for prejudice stemming from an amendment to the charging period, even if the amended period is within the statute of limitations. Prejudice is necessarily assessed case by case.

_Madsen, J_

WE CONCUR:

_Fairhurst, CPT_

_Wiggins, J._

_González, J._

_Stephens, CJ_

_Yu, J_

No. 97150-1

GORDON McCLOUD, J. (concurring)—In its charging document, the State

must adequately inform the defendant of its accusation so that the defendant may

prepare a defense and may be protected against another prosecution for the same

accusation. *Berger v. United States*, 295 U.S. 78, 82, 55 S. Ct. 629, 79 L. Ed. 1314

(1935); *see also State v. McKenzie*, 184 Wash. 32, 36, 49 P.2d 1115 (1935) (citing

*State v. Randall*, 107 Wash. 695, 182 P. 575 (1919); *City of Seattle v. Proctor*, 183

Wash. 299, 48 P.2d 241 (1935)). I agree with the majority's application of those

constitutional protections to this case.

I write separately only to emphasize the generally accepted rule that also

protects those rights: the rule that although the State is not absolutely bound by the

"on or about or between" date range listed in the information, Clerk's Papers at 1,

any deviation from that date range must be reasonable. As other jurisdictions that

have considered this question have said, the State must prove that the defendant's

conduct occurred on a date that is "reasonably near" the date range listed in the

charging document. *E.g.*, *United States v. Ross*, 412 F.3d 771, 774-75 (7th Cir.

1

2005) ("The canonical formula is that 'when "on or about" language is used in an indictment, proof of the exact date of an offense is not required as long as a date reasonably near that named in the indictment is established.'" (quoting *United States v. Ford*, 872 F.2d 1231, 1236-37 (6th Cir. 1989) and citing *United States v. Castillo*, 140 F.3d 874, 885 (10th Cir. 1998); *United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir. 1987))); *United States v. Hinton*, 222 F.3d 664, 672-73 (9th Cir. 2000) ("It is well-settled that the government need prove only that Hinton shipped the package 'reasonably near' the date specified in the indictment." (citing *United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir. 1997))); *United States v. Grapp*, 653 F.2d 189, 195 (5th Cir. 1981) ("The prosecution, as a consequence of the use of the 'on or about' designation, was not required to prove the exact date; it suffices if a date reasonably near is established."); *see also McBride v. State*, 2008-CT-01347-SCT, 61 So. 3d 138, 150 (Miss. 2011) (collecting cases). Given the unique circumstances of this case, as described by the majority, I agree that the date proved at trial is reasonably near the date range included in the original information.

I therefore respectfully concur.

2

Gordon McCloud, J.