# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58098-5-II |
| Respondent, | |
| v. | |
| JASON LOUIE FULLER, | PUBLISHED OPINION |
| Appellant. | |

CRUSER, C.J. – Jason Fuller appeals his bench trial conviction for failure to register as a sex offender (second violation). He argues that the trial court erred when it rejected a negotiated settlement between him and the State that included an agreed-to motion to amend the information from failure to register as a sex offender to attempted failure to register as a sex offender and his entry of a guilty plea to the amended information because the motion was made after the "pretrial period" in violation of a local court rule.

We hold that the trial court erred when it denied the motion to amend the information and Fuller's request to plead guilty to the amended charge because the local court rule and related policy that the court applied are inconsistent with CrR 2.1(d). Accordingly, we reverse the conviction and sentence and remand for the State to reinstate its plea offer and refile the motion to amend the charge.[1]

---

[1] In light of this holding, we do not reach the other issues Fuller raises.

FACTS

On March 11, 2021, Fuller failed to comply with his sex offender registration requirements. Several months later, on September 29, the State charged Fuller with failure to register as a sex offender under former RCW 9A.44.132(1)(a) (2019). Fuller was arrested in February 2022. He was arraigned and pleaded not guilty on March 7.

At the May 31, 2022 pretrial conference, the parties confirmed that they were prepared to proceed to trial on June 14.

On June 9, Fuller and the State reached a plea agreement. Fuller agreed to plead guilty to an amended information charging him with attempted failure to register as a sex offender, a misdemeanor offense. The State agreed to recommend a 364-day sentence.

On June 10, four days before the trial was set to begin, the parties set a hearing to address a waiver of jury trial. But on the day of the hearing, the State provided the trial court with a written motion to amend the charging information.

In its motion, the State explained that the reduced charge was consistent with "the State's goal of prosecuting criminal wrongdoing while being mindful of contextually appropriate outcomes." Clerk's Papers (CP) at 40. The State came to this conclusion because Fuller did not pose a high risk of reoffense and he would have been eligible for relief from his 30-year-old registration requirement as a matter of law but for his "non-violent/non-sexual convictions." *Id.*

When the hearing began, the trial court acknowledged that the parties were now seeking to amend the information. But the trial court stated that the motion was being made "past the

No. 58098-5-II

time for an amendment," and asked the parties to discuss the timing of the motion.[2] Verbatim

Rep. of Proc. (VRP) (June 10, 2022) at 17.

The following discussion ensued:

> [THE STATE]: The parties have reached a resolution on this matter.
> THE COURT: Well, but your resolution proposes an amendment, and you are past pretrial. So the time for amending the information has passed. So what basis is there to deviate from the rule in this case?
> [THE STATE]: Well, first and foremost, the offer that was extended was different than what was previously handled by a different prosecutor, so that is number one.
> Two, given the time in which I received that case, I have worked with extraordinary expediency in order to try to reach a just resolution, and also save a great -- some type of judicial efficiency, given the resources.
> THE COURT: *I think the thing the parties need to understand is that it's not efficient. We have already called a jury.* So it has saved almost nothing by doing this late, which is why the rule is in place that these sorts of amendments are not allowed post pretrial. [Defense counsel]?
> [DEFENSE COUNSEL]: Your Honor, this is a situation where the negotiations weren't progressing until [this deputy prosecutor] got into the case, and we reached a reasonable resolution. I recognize it's late. But it's fair to all parties, and it does save going through a trial at this point.

*Id.* at 17-18.

The trial court then questioned the State about why the State's position regarding the charge

and plea offer had changed so late into the proceedings. The State responded that there had been a

substitution of deputy prosecutors and that it was a matter of prosecutorial discretion. The State

stated that after reviewing "numerous cases and prosecutorial charging standards," the current

deputy prosecutor had determined that this plea would be appropriate. *Id.* at 19.

---

[2] In referring to the motion being brought "past time for an amendment," the trial court was apparently referring to Grays Harbor County Local Court Rule (LCrR) 4.2 and Grays Harbor County Felony Case Management Policy. VRP (June 10, 2022) at 17. But neither the trial court nor the parties ever specifically mentioned this rule or policy during this hearing.

The trial court commented that the fact there were inconsistencies between deputy prosecutors working in the same office made "no sense." *Id.* at 20. The State responded, "I don't disagree with you, Your Honor, but I don't think that should preclude the defendant from being able to enter a plea of guilty." *Id.* The trial court replied that because the amendment had been proposed "past the pretrial," the motion to amend the information was denied. *Id.* Although the State's motion discussed its reasoning for seeking the amendment and negotiating the plea agreement with Fuller, the trial court never discussed the State's position regarding the appropriateness of the amendment or the plea agreement.

The court then asked if Fuller preferred a jury or a bench trial. Fuller agreed to a bench trial. The trial court accepted Fuller's jury trial waiver and struck the jury.

After striking the jury, the trial court stated,

> If you bring the elected prosecutor in and she wants to make a pitch for this deal that this is within her office's policy, the Court would listen, *but this is -- it's outside the scope of the tim*e. And so while you may have not officially had the case, your office has been in it for nine months. And it just -- because it was filed in September of 2021, I understand Mr. Fuller didn't appear, but this is not like a case that has just come up.

*Id.* at 22 (emphasis added).

The State asked to make a record, but the trial court stated, "Not today." *Id.* The State then noted its objection for the record.

Fuller then commented, "I would just like to add, I have been difficult with my attorney and the prosecutor through this process." *Id.* at 23. The court responded, "Well, you may reap the punishment for that, because pretrial is the time for amendments" and reiterated that it had made its ruling. *Id.* The original charge on which Fuller was forced to proceed to trial carried a standard range of 43 to 57 months in prison.

Following the presentation of evidence at the bench trial, the trial court found Fuller guilty of failure to register as a sex offender.

At the sentencing hearing, the State recommended that Fuller be sentenced to 43 months, which was the bottom of the standard range. Fuller requested an exceptional sentence downward.

The trial court imposed the State's recommended sentence, which was three and a half times longer than the sentence Fuller would have received under the plea agreement. Neither the trial court or any party mentioned the rejected plea agreement at sentencing.

Fuller appeals his conviction.

ANALYSIS

Fuller contends that under CrR 2.1(d), when the State moves to amend the information prior to resting its case the trial court has no authority to deny such a motion when substantial rights of the defendant will not be prejudiced. Because the amendment in this case would not prejudice the defendant, Fuller argues that the trial court therefore erred as a matter of law in denying the motion to amend.

The State agrees that CrR 2.1(d) permits amendment any time before the State rests its case. But the State argues that CrR 2.1(d) is a discretionary rule and that the trial court did not abuse its discretion when it denied the motion to amend the information because the motion was untimely and did not comply with LCrR 4.2 and the related Grays Harbor County's Felony Case Management Policies.

Although the State is correct that CrR 2.1(d) affords the trial court discretion in granting amendments, LCrR 4.2 and the related policy conflict with CrR 2.1(d) insofar as they purport to *disallow* any and all amendments to the information occurring after pretrial unless the parties can

establish extenuating circumstances. As such, LCrR 4.2 and the related policy are unenforceable insofar as they conflict with CrR 2.1(d) and the trial court erred when it denied the joint motion to amend the information and rejected Fuller's guilty plea.

## I.  LEGAL PRINCIPLES

CrR 2.1(d) provides, "The court *may* permit any information or bill of particulars to be amended *at any time before the verdict or finding* if substantial rights of the defendant are not prejudiced." (Emphasis added.) We review a trial court's decision on a motion to amend an information for abuse of discretion. *State v. Brooks*, 195 Wn.2d 91, 96, 455 P.3d 1151 (2020). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons." *Id.* at 97. And "[a] court's decision is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." *Id.*

Trial court's also have discretion to accept or reject plea agreements. *State v. Westwood*, 10 Wn. App. 2d 543, 550, 448 P.3d 771 (2019). The trial court's authority to approve or deny a plea bargain includes the right to permit or refuse the amendment of the charges. *State v. Haner*, 95 Wn.2d 858, 863-64, 631 P.2d 381 (1981).

If the trial court's rejection of a plea agreement is "based on a court's valid exercise of discretion," we defer to the trial court's decision. *Westwood*, 10 Wn. App. 2d at 550. But we review a trial court's decision to reject a plea agreement based on a legal determination de novo. *Id.*

## II.  ENFORCEABILITY OF LOCAL RULE AND RELATED POLICY

In his opening brief, apparently unaware of LCrR 4.2 and the related policy, Fuller contends that the trial court "invented a deadline where there was none," and contends that the court had no authority to deny the motion to amend based on this "invented" deadline in violation

of CrR 2.1(d). Br. of Appellant at 16. But the State asserts that the trial court's ruling was based on LCrR 4.2 and the related policy, not CrR 2.1(d). In his reply, Fuller responds that LCrR 4.2 and the related policy are "void" because they are inconsistent with CrR 2.1(d). Reply Br. at 7 (capitalization omitted). We agree the local rule and policy cannot be enforced insofar as they are inconsistent with CrR 2.1(d).

Although the trial court never mentioned the local rule or related policy, it is apparent from the trial court's ruling that it rejected the motion to amend the information and the subsequent plea agreement based on LCrR 4.2 and the related policy.

LCrR 4.2 provides:

> When a case is set for trial, the Court shall assign a date for a pretrial conference which shall be at least two weeks prior to the trial date. Pleas of guilty should be entered by the pretrial conference. *The Court may refuse to grant a discretionary reduction or dismissal of charges or counts if a plea is entered after the time for the pretrial conference.*

(Emphasis added.)

The related policy states:

> If a case is to be resolved by change of plea pursuant to the terms of a plea agreement, such change of plea must be completed at the PTC [(pretrial conference)], or earlier. *If the accused chooses to plead after the PTC, she or he must plead to the original charge(s) unless extenuating circumstances are found by the Court such that a denial of the plea would be inconsistent with the fair administration of justice.*

Felony Case Management Policy (Grays Harbor County Super. Ct., Wash. 2022) [https://perma.cc/UP7Z-722A] (emphasis added).

LCrR 4.2 and the related policy lend support to the trial court's decision. But a local rule cannot be inconsistent with the court rules announced in CrR 2.1(d). GR 7(c);[3] CR 83;[4] *State v. Chavez*, 111 Wn.2d 548, 555, 761 P.2d 607 (1988) (" 'Inconsistent' when involving court rules means 'court rules so antithetical that it is impossible as a matter of law that they can both be effective.' " (quoting *Heaney v. Seattle Mun. Ct.*, 35 Wn. App. 150, 155, 665 P.2d 918 (1983))). Local rules that restrict the exercise of a right created by a state-wide rule by imposing a different time requirement are inconsistent with the state-wide rule. *See Harbor Enters. Inc. v. Gudjonsson*, 116 Wn.2d 283, 293, 803 P.2d 798 (1991) (holding that a local rule that restricted a litigant's right based on a time requirement different from that of a statute was invalid).

Here, CrR 2.1(d) gives the trial court broad discretion to permit amendment of the charges *at any point before the verdict or finding of guilt*. LCrR 4.2 and the related policy are inconsistent with this rule because they place additional restrictions on the trial court's discretion prior to the verdict or finding of guilt. Because LCrR 4.2 and the related policy restrict the court's discretion prior to the time designated in CrR 2.1(d), the local rule and related policy are inconsistent with CrR 2.1(d) and are unenforceable insofar as they purport to restrict the trial court's exercise of discretion and disallow any amendment of the information after the pretrial hearing. Accordingly,

---

[3] GR 7(c) provides in part: "All local rules shall be consistent with rules adopted by the Supreme Court."

[4] CR 83(a) provides in part: "Each court by action of a majority of the judges may from time to time make and amend local rules governing its practice not inconsistent with these rules."

the trial court erred as a matter of law when it relied on the local rule and policy to deny the motion to amend the charge.[5]

Furthermore, although CrR 2.1(d) is permissive and a trial court can deny a motion to amend an information even if it does not prejudice the defendant, the trial court's reasoning here does not withstand scrutiny and could not justify denying the motion to amend under CrR 2.1(d). *State v. Lamb*, 175 Wn.2d 121, 131, 285 P.3d 27 (2012). The trial court stated that it was denying the motion because the motion was made after a jury had already been called.

But the court's reasoning ignores the fact that at that point Fuller had not yet declared whether he wanted a jury trial or a bench trial. The fact Fuller still had the option of waiving his right to a jury trial belied the court's justification for rejecting the motion to amend because although a jury had been called the jury trial had not yet been confirmed. Furthermore, the fact that the State brought the motion to amend and seemed taken aback at the court's response to the proposed resolution of the case suggests that LCrR 4.2 is not consistently applied, undercutting the suggestion by the trial court that the rule is non-discretionary. Finally, the prejudice to Fuller can hardly be overstated. Under his plea agreement with the State Fuller faced a maximum sentence of 364 days in jail. By proceeding to trial on the original information, Fuller faced a standard range sentence of 43 to 57 months in prison. His ultimate sentence of 43 months was three and a half times longer than the maximum sentence he could have received under the plea.

---

[5] Although Fuller did not object to the trial court's ruling on the ground that the court rule or policy conflicted with CrR 2.1(d), we exercise our discretion to address this issue under RAP 2.5(a) because the trial court did not identify the rule or policy as the basis of its ruling and Fuller objected to the denial of the motion to amend the charges.

The trial court erred in denying the motion to amend the information and rejecting the plea agreement of the parties. We reverse Fuller's conviction.

CONCLUSION

We reverse the conviction and sentence and remand for the State to reinstate its plea offer and refile the motion to amend the charge.[6] *See Westwood* 10 Wn. App. 2d at 556.

CRUSER, C.J.

I concur:

MAXA, J.

---

[6] Because we reverse on this basis, we do not address Fuller's other arguments.

PRICE, J. (concurring) – I concur with the majority that LCrR 4.2 and its related policy are inconsistent with CrR 2.1(d) and are unenforceable insofar as they purport to disallow any amendment of the information after the pretrial hearing. The conflict between the local rule and the state criminal rules is an appropriately narrow basis to resolve this case. I write separately, however, to express my concern with the local rule's infringement of the fundamental principle of separation of powers.

I empathize with the challenges faced by superior courts as they seek to improve the efficiency of criminal case management. The superior courts have an impossible job; they are tasked with balancing many different, often contradictory, interests. Caseloads are overwhelming resources, yet the courts must still accommodate victims, witnesses, jurors, and court staff, all while protecting the rights of criminal defendants. To that end, LCrR 4.2 may be a well-intentioned product of an attempt to provide more efficient case management.

But the principle of separation of powers limits each branch of government to their respective roles. The prosecutor's office's role is to bring criminal charges. *See State v. Rice*, 174 Wn.2d 884, 901, 279 P.3d 849 (2012) (discussing the importance of separation of powers, the court notes "A prosecuting attorney's most fundamental role as both a local elected official and an executive officer is to decide whether to file criminal charges against an individual and, if so, which available charges to file."). To be sure, the rules provide the courts a limited role in curbing prosecutorial abuses, but broadly speaking, it is the prosecutor, not the courts, who decides whether and when to bring (or settle) charges. Judicial officers might bristle when they view these decisions as being incorrect or they believe the timing is inefficient. So be it—separation of powers requires that courts stay in their lane.

The majority correctly held that LCrR 4.2 conflicts with CrR 2.1(d). But something more fundamental is also wrong with LCrR 4.2. *See id.* ("[t]he division of governmental authority into separate branches is especially important within the criminal justice system, . . ."). The quest for more efficient criminal case management can never be an excuse for judicial overreach.

PRICE, J.