[No. 7503-9-I.   Division One.   July 6, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD ANDREW MCKENZIE, *Appellant.*

*John Ziegler* and *Sarah Lytle* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Timothy Sullivan, Deputy,* for respondent.

WILLIAMS, J.—Donald Andrew McKenzie was convicted by a jury of the crime of being a felon with a gun. The court then found him to be a habitual criminal, sentenced him, suspended the sentence and revoked the grants of probation in five previous felony cases. McKenzie appeals, raising issues concerning prosecutorial vindictiveness, sufficiency of the State's proof in the felon with a gun proceeding that he was a felon, and proof in the habitual criminal proceeding that he had two prior convictions; the propriety of revoking the prior probations; and double punishment in the allegations that he was both a felon with a gun and a habitual criminal. We remand for further proceedings on the State's

proof of the prior convictions.

The procedural history is as follows: McKenzie, originally charged with violating the Uniform Controlled Substances Act, moved to suppress evidence of drugs found in his car. After the motion was made, the State alleged in an amended information that he had also committed the crime of being a felon with a gun. Following this, the trial court granted the motion to suppress, the drug charge was dismissed, and McKenzie was tried for being a felon with a gun. He was convicted, and the proceeding determining that he was a habitual criminal followed. Judgment was then entered, sentencing McKenzie to life for the felon with a gun conviction as enhanced by the habitual criminal finding. This part of the judgment was suspended on condition of 20 years' probation, and the probation on five prior convictions revoked.

■ The first two issues relate to the felon with a gun charge. McKenzie first contends that the prosecutor acted vindictively in filing the supplemental information after he had moved to suppress the evidence in the drug charge. Prosecutorial vindictiveness is intentional filing of a more serious crime in retaliation for a defendant's lawful exercise of a procedural right. In *Blackledge v. Perry,* 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098 (1974), the defendant was convicted of a misdemeanor and appealed, the prosecutor then substituting a felony charge based on the same conduct. The court decided that the State's action in "'upping the ante'" violated the defendant's right to due process of law, because the defendant was being purposefully punished for appealing the judgment in the misdemeanor case. *Blackledge v. Perry, supra* at 28; *Colten v. Kentucky,* 407 U.S. 104, 32 L. Ed. 2d 584, 92 S. Ct. 1953 (1973). *See Bordenkircher v. Hayes,* 434 U.S. 357, 54 L. Ed. 2d 604, 98 S. Ct. 663 (1978). In this case the trial court found as a fact on substantial evidence that the prosecutor acted in good faith, not vindictively, so the rule in *Blackledge* does not apply.

McKenzie argues that there should be a rule prohibiting

even the "appearance of vindictiveness." In *United States v. Andrews,* 612 F.2d 235 (6th Cir. 1979), the court said at page 239:

We cannot equate the Supreme Court's language in . . . *Blackledge* concerning apprehension of a realistic likelihood of vindictiveness with a rule turning on "appearance of vindictiveness", particularly in light of the references in *Colten* . . . to due process violations by purposeful punishment or penalization of a defendant in retaliation for the exercise of constitutional rights.

We agree.

The second contention on the felon with a gun allegation is that the State did not prove beyond a reasonable doubt that McKenzie was a felon. *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). Because the State concedes this, the cause will be remanded for proceedings determining the validity of the prior convictions. *In re Lee,* 95 Wn.2d 357, 623 P.2d 687 (1980).

The third issue concerns the habitual criminal finding. McKenzie contends that the State did not prove beyond a reasonable doubt that there were two valid prior convictions. Inasmuch as the State concedes this, the cause will be remanded for proceedings to determine the validity of the prior convictions. *In re Lee, supra.*

The fourth and fifth issues concern the trial court's decision to revoke McKenzie's prior sentences placing him on probation. He contends that because the felon with a gun conviction was invalid, revocation of his prior sentences granting probation was also invalid. The resolution of this question for this reason depends upon the trial court's determination of the validity of prior convictions. If the prior convictions are not valid, the revocations must be withdrawn. We note that there is other evidence that McKenzie violated the probations, but that is for the trial court's consideration.

█ In the fifth issue McKenzie contends that the prior convictions should be vacated so that there would be no probations to revoke. The trial court had no jurisdiction in

454

this proceeding to vacate the prior judgments. *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980).

■ The final issue concerns the claim of double punishment, McKenzie contending that the State punished him twice by using the same three prior burglary convictions to support the habitual criminal action and to prove the felon with a gun allegation. In *State v. Williams*, 9 Wn. App. 622, 626, 513 P.2d 854 (1973), involving use in a habitual criminal proceeding of the same prior convictions used in a habitual criminal proceeding in another state, the court said:

> The habitual criminal statute enhances the punishment of those found guilty of a crime who are shown to have been convicted of other crimes in the past. . . . The question of previous convictions is important only to determine whether the defendant has shown a persistence in crime which authorizes the severer penalty. . . . [T]he statute does not inflict a double punishment for the same offense . . .

The cause is remanded for proceedings to determine the validity of McKenzie's prior convictions. In all other respects the judgment is affirmed.

JAMES, C.J., and SWANSON, J., concur.

Reconsideration denied September 15, 1981.

Review denied by Supreme Court December 17, 1981.