IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76038-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| HOLLIS BLOCKMAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 23, 2017 |

2017 JAN 23 AM 11:01

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

BECKER, J. – Appellant Hollis Blockman appeals from his conviction for unlawful possession of cocaine with intent to deliver. The principal issue is whether the trial court erred in denying Blockman's motion to suppress evidence. The evidence was that an officer, while conducting a protective sweep of an apartment, saw Blockman in a back room engaged in a drug transaction.

The relevant facts are set forth in findings of fact and conclusions of law entered by the trial court on June 16, 2016, after Blockman filed this appeal. A court rule provides that written findings and conclusions are to be entered after a suppression hearing. CrR 3.6(b). In some cases we have accepted findings that are entered after a case is appealed as long as there is no prejudice to the defendant. State v. Cruz, 88 Wn. App. 905, 907 n.1, 946 P.2d 1229 (1997). That is true here. There were no disputed facts at the suppression hearing, and

Blockman has not contested the facts as set forth in the belatedly entered findings and conclusions.

According to the findings of fact, Tacoma police officer Peter Hayward responded to a report of an assault and robbery and made contact with the victim, a Ms. Green. He went to an apartment in Tacoma and contacted the resident, Patricia Burton, who immediately said, "'I can't believe she called the cops.'" Burton acknowledged that she paid rent at the apartment and that she was the resident. Burton invited the officers inside, and the officers stood approximately two or three steps inside the front door and in the living room as they spoke with her. Burton offered that there were "'two people in the back.'" Officer Hayward had concerns for his safety due to the report of at least two unknown individuals somewhere in the residence.

Officer Hayward was invited by Burton to conduct a protective sweep, and he did. He conducted the sweep "to make sure no one would jump out and surprise them while he was questioning Ms. Burton." His gun was still in its holster when he conducted the protective sweep. He did not announce his presence due to officer safety concerns. He did not open cabinets or drawers to search for evidence.

Officer Hayward walked through the living room and turned into a short hallway. He immediately saw, in a bedroom, in plain view with the door open, a woman placing a $20 bill on a coffee table, and he observed Blockman holding a clear plastic bag containing several small, white rock-like objects that later tested positive for cocaine. Blockman was placed under arrest.

The State charged Blockman with unlawful possession of cocaine with intent to deliver within 1,000 feet of a school bus route stop. Blockman moved to suppress the evidence. At the CrR 3.6 hearing, counsel for Blockman argued that the evidence acquired from the protective sweep should be suppressed because of Officer Hayward's failure to give appropriate warnings under State v. Ferrier, 136 Wn.2d 103, 960 P.2d 927 (1998). The State argued that the protective sweep was valid based on officer safety concerns. The superior court denied the motion to suppress, concluding as follows:

> Officer Hayward had reasonable suspicion to believe there might be other persons present in the residence who could pose a danger to the officers.
>     . . . Officer Hayward did not exceed the scope of his protective sweep of the small apartment with a short hallway when he looked in the back bedroom, with its door open, that immediately adjoined the place where he was questioning a suspect regarding an assault and robbery.

The jury found Blockman guilty as charged. Blockman appeals.

## PROTECTIVE SWEEP

Officer Hayward's testimony describing the drug transaction he witnessed when he looked into the back bedroom was critical evidence supporting the conviction. Blockman assigns error to the denial of the motion to suppress. He contends the trial court erred by concluding that the sweep search was valid under the protective sweep exception to the warrant requirement.

The Fourth Amendment to the United States Constitution and article I, section 7 of the Washington Constitution prohibit a warrantless search and seizure unless the State demonstrates that one of the narrow exceptions to the warrant requirement applies. State v. Garvin, 166 Wn.2d 242, 249, 207 P.3d

3

1266 (2009). One recognized exception to the warrant requirement is a "protective sweep" inside a home to inspect "those spaces where a person may be found." Maryland v. Buie, 494 U.S. 325, 334-35, 110 S. Ct. 1093, 108 L. Ed. 2d 276 (1990).

Blockman argues that a protective sweep is valid without a warrant only if it occurs after a lawful arrest. Blockman did not make this argument below and instead argued for suppression based on Ferrier. For the first time on appeal, Blockman contends that the threshold requirement for a protective sweep was not met because Officer Hayward did not arrest anyone before the protective sweep. We will consider this argument, though Blockman did not raise it below, because the record is fully developed and the argument is constitutional in nature. See RAP 2.5(a).

Blockman does not cite persuasive authority for the proposition that a protective sweep can occur only after an arrest. In many cases, including Buie, the facts were that the protective sweep was conducted after or in the course of making an arrest, but nothing in the rationale of Buie or its progeny suggests that an arrest is an indispensable prerequisite. Buie was decided on the principles the Court had previously set forth in the context of a protective frisk for weapons, including Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), and Michigan v. Long, 463 U.S. 1032, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983). The rationale is officer safety. "In Terry and Long we were concerned with the immediate interest of the police officers in taking steps to assure themselves that the persons with whom they were dealing were not armed with, or able to gain

immediate control of, a weapon that could unexpectedly and fatally be used against them. In the instant case, there is an analogous interest of the officers in taking steps to assure themselves that the house in which a suspect is being, or has just been, arrested is not harboring other persons who are dangerous and who could unexpectedly launch an attack." Buie, 494 U.S. at 333.

While the sweep in Buie took place in a house during the course of an arrest, federal appellate cases following Buie apply the same rationale to uphold sweeps before an arrest. United States v. Taylor, 248 F.3d 506, 510, 514 (6th Cir.) (officers justified in making a protective sweep to ensure their safety while a warrant was being obtained), cert. denied, 534 U.S. 981 (2001); United States v. Patrick, 959 F.2d 991, 994, 996-97 (D.C. Cir. 1992) (Once police were lawfully on premises with lessee's consent, they were authorized to conduct a protective sweep based on their reasonable belief that one of its inhabitants was trafficking in narcotics); United States v. Gould, 364 F.3d 578, 581 (5th Cir.) (There is no "across-the-board, hard and fast *per se* rule that a protective sweep can be valid only if conducted incident to an arrest"), cert. denied, 543 U.S. 955 (2004). The Gould court recognized that Buie authorized the protective sweep for officer safety and reasoned that "in the in-home context it appears clear that even without an arrest other circumstances can give rise to equally reasonable suspicion of equally serious risk of danger of officers being ambushed by a hidden person as would be the case were there an arrest." Gould, 364 F.3d at 584.

Blockman emphasizes that the protective sweeps in Buie and State v. Hopkins, 113 Wn. App. 954, 55 P.3d 691 (2002), were in fact incident to arrest. There was no dispute in these cases that the sweeps were incident to arrest, so the courts had no occasion to address whether the sweep would have been permissible absent arrest. See Gould, 364 F.3d at 581 ("There was no dispute in Buie that the sweep was incidental to arrest, and nothing in Buie states that if the officers were otherwise lawfully in the defendant's home and faced with a similar danger, such a sweep would have been illegal.")

We conclude the standard to be applied is whether the officer had a "reasonable belief based on specific and articulable facts" that the area to be swept harbors an individual posing a danger to investigating officers. See Buie, 494 U.S. at 337.

Officer Hayward was investigating a report of an assault and robbery in an apartment. When he arrived at the apartment, he was invited in by Burton, a resident, who told him there were two people "'in the back.'" Based on these specific and articulable facts, Officer Hayward had a reasonable belief that the apartment harbored at least two people who might "jump out" and surprise him while he was questioning Burton. As the trial court concluded, the officer did not exceed the scope of a protective sweep when he looked into an immediately adjoining back bedroom with its door open. The trial court did not err in denying the motion to suppress.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Blockman makes two ineffective assistance of counsel arguments. Ineffective assistance of counsel is established if counsel's performance was deficient and the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987).

Blockman argues that he was denied his right to effective assistance of counsel when his attorney made an argument against the protective sweep based on a misunderstanding of Ferrier. He contends counsel instead should have argued that a protective sweep is permissible under Buie only after an arrest.

As discussed above, the protective sweep exception is not limited in the way that Blockman argues for the first time on appeal. Counsel may have inaccurately presented Ferrier to the trial court, but Blockman does not argue that an accurate rendition of Ferrier would have compelled granting of the motion to suppress. With respect to the motion to suppress, counsel's performance was neither deficient nor prejudicial.

Blockman contends counsel was ineffective in failing to object to a remark made by the prosecutor in rebuttal closing argument. The challenged remark was a response to Blockman's argument that the State had not proven that he was selling rather than buying the cocaine. Blockman suggested the State assumed he was the seller, and the woman involved in the transaction was the buyer, simply because of gender:

Do we make the assumption that only men sell crack? Is it possible for a woman to deal crack and sell drugs, or are we just going to assume it's the man in the room? Are we just going to assume that the guy holding the bag is the person doing the dealing, or is he somebody that is holding the bag to select his product?

The prosecutor directly responded to Blockman's rhetorical questions about gender assumptions:

There are some red herrings that came up here, and the State is not saying that just because you're a male and only drug dealers are males. I'm sure there are very successful female drug dealers out there too. That's not the issue. *The issue is the Defendant was interrupted while conducting a drug transaction.*

(Emphasis added.) Blockman contends counsel should have objected that the prosecutor was misstating the law by implying it was irrelevant whether Blockman was the purchaser or the seller.

Defense counsel's failure to object during a prosecutor's closing argument will generally not constitute deficient performance because lawyers do not commonly object during closing argument absent egregious misstatements. In re Pers. Restraint of Cross, 180 Wn.2d 664, 721, 327 P.3d 660 (2014).

The prosecutor was directly rebutting Blockman's closing argument that the State was asking the jury to assume that Blockman must have been the seller simply because he was a man. In closing, the prosecutor went through each element of the crime, including the intent to deliver element, and told the jury that "essentially the crux of this case" was "did the Defendant have the intent to deliver cocaine?" The jury was instructed on the elements of the crime, including intent to deliver. Taken in context, the prosecutor's comment did not

amount to a misstatement of the law. Thus, counsel was not ineffective for failing to object to it.

## APPELLATE COSTS

Blockman asks us not to impose appellate costs in the event that the State prevails on appeal and seeks costs. Under RCW 10.73.160(1), this court has discretion to decline to impose appellate costs on appeal. State v. Sinclair, 192 Wn. App. 380, 385, 388, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016). The State asks us to decline to exercise our discretion, and instead to impose the costs if requested by the State and leave Blockman to seek a remission hearing in the future to show his inability to pay at such time as the State may try to collect the costs. The State has provided no basis for a determination that Blockman's financial circumstances have improved since the trial court found that he is indigent. We exercise our discretion not to impose appellate costs.

## STATEMENT OF ADDITIONAL GROUNDS

Blockman alleges that the prosecutor failed to disclose expert witness Terry Krause. The State's supplemental witness list filed on June 22, 2015, listed Terry Krause.

Blockman alleges that there was a violation of the chain of custody based on arresting officer Hayward's testimony that the booking officer found $244 on Blockman that he did not see. Blockman does not explain how this is a chain of custody violation.

Blockman alleges that pages were missing from his discovery and that he had ineffective assistance of counsel. The record reveals that the trial court

already addressed both of these issues at length. Blockman gives us no reason to revisit the trial court's resolution of these issues.

Blockman alleges that Officer Hayward's testimony at trial contradicted his testimony at the suppression hearing. This allegation is inadequate to inform the court of the nature of the alleged error. See RAP 10.10(c).

Affirmed.

Becker, J.

WE CONCUR:

Spearman, J.

Dwyer, J.