IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

NATHANIEL ALLEN BRISTOL,

Appellant.

No. 81297-1-I

DIVISION ONE

UNPUBLISHED OPINION

SMITH, J. — After police found Nathaniel Bristol unconscious in the driver seat of a stolen car, he was charged with possession of a stolen vehicle. The court suppressed evidence of a key ring found on Bristol's person that held shaved keys used for stealing cars. In response, the State amended the information to add a charge of making or having vehicle theft tools. The court permitted the amendment and subsequently admitted evidence of the key ring for the limited purpose of proving the second count. The jury found Bristol guilty on both counts.

Bristol appeals, alleging that the court abused its discretion by permitting the State to amend the information and by admitting four short video clips of Bristol in the backseat of the police car. Bristol also claims that the prosecutor committed reversible misconduct in his closing argument by commenting on Bristol's right to remain silent, by arguing facts not in evidence, and by arguing that the evidence of the key ring established Bristol's knowledge with respect to

Citations and pin cites are based on the Westlaw online version of the cited material.

the first count.  Finally, Bristol claims that he received ineffective assistance of counsel when his lawyer did not object to the prosecutor's statements and that cumulative error requires reversal.

We conclude that the court did not abuse its discretion by permitting the amendment or admitting the video clips.  Furthermore, we conclude the prosecutor did not comment on Bristol's right to remain silent or argue facts not in evidence.  However, the prosecutor did commit flagrant misconduct when he violated a ruling in limine and urged the jury to consider the key ring as evidence supporting the first count.  Nonetheless, because of the other evidence establishing Bristol's guilt and because of the limiting instruction regarding the key ring, we conclude that this misconduct was not prejudicial.  Finally, we conclude that Bristol did not receive ineffective assistance of counsel and that there is no cumulative error.  Accordingly, we affirm.

FACTS

On October 30, 2018, Renton police officers were sent for a welfare check on an unconscious man in a car.  Bristol was asleep or passed out in the driver's seat and was holding an uncapped needle in his hand.  When the officers arrived, they noticed the car did not have license plates and that it had a clearly forged trip permit on the back.  An officer checked the vehicle identification number and determined that the car had been reported stolen.

Bristol was arrested for possession of a stolen vehicle.  Officers found a

shaved key in the ignition of the car.[1] They also found a key ring on Bristol's person that had several other shaved keys on it.

At Bristol's request, the court suppressed evidence of the key ring with the additional keys. The court reasoned that while the key ring was relevant to establish that Bristol knowingly possessed a stolen vehicle, its probative value was lower because it was cumulative to the key in the ignition. The court then reasoned that the potential for prejudice, from the potential inference that Bristol was a habitual car thief, outweighed the relevance of the key ring.

In response to the suppression of the key ring, the State moved to amend the information to add a count of making or possessing motor vehicle theft tools, a misdemeanor. The court granted the motion to amend and accordingly allowed testimony regarding the key ring, but only for the purpose of proving the second count.

Over Bristol's objection, the court also admitted four video clips of Bristol in the backseat of the police car after his arrest. The first shows Bristol being placed in the car. Bristol asks the officer if he will be "going to jail for sure," and when the officer says he will be going to jail for possessing a stolen vehicle, Bristol replies, "whatever . . . ah man." In the second video clip, a police officer reads Bristol his Miranda[2] rights, and after Bristol confirms that he understands, the officer asks where Bristol got the car. Bristol replies, "I just got it from a

---

[1] A shaved key is a key that has been filed down so that it can be used to start cars that it was not made for.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

friend, and I'm just gonna speak to my lawyer, please, if that's okay?" The officer says okay, and Bristol says, "I'm sorry, man." "I'm so fucking embarrassed." Bristol later asks what time it is, and when the officer says it is 10:01, Bristol asks, "Tuesday?" In the third video clip, Bristol asks if he will go to court tomorrow, and the officer responds, "I mean it's pretty early, you might even see a judge today." "Yeah, if not today, definitely tomorrow." Finally, in the fourth clip, Bristol is again being put in the car and has the following exchange with the officer:

> Bristol: So we'll stay here for a while now?
> Officer: Yeah. I'll try to be as fast as possible.
> . . . .
> Officer: I don't like sitting in the car any more than you do, so—
> Bristol: Paperwork sucks too, though, right?
> Officer: It does, but—
> Bristol: Yeah. It won't be that, it won't be that hard, though? I mean—
> Officer: No, no. It's pretty straightforward, so.
> Bristol: Am I looking into a lot of trouble or anything? Or what? I've never had this before.

Bristol objected that, with the exception of his statement about where he got the car, the clips were prejudicial and not relevant. The court agreed that prejudice was a concern because Bristol appeared under the influence, but ultimately admitted all four clips.

The jury found Bristol guilty on both charges. The court sentenced Bristol to 45 days of electronic home detention for each count, to be served concurrently. Bristol appeals.

ANALYSIS

Bristol contends that the court abused its discretion by permitting the State to amend the information and by admitting the four video clips. He also contends

4

that the prosecutor committed reversible misconduct during closing arguments, that he received ineffective assistance of counsel, and that cumulative error requires reversal. We disagree and affirm.

Amendment of Information

Bristol first contends that the court abused its discretion when it permitted the amendment charging him with having vehicle theft tools. We disagree.

We review the court's decision to permit an amendment to the information for abuse of discretion. State v. Brooks, 195 Wn.2d 91, 96, 455 P.3d 1151 (2020). The court abuses its discretion "if its decision is manifestly unreasonable or based on untenable grounds or reasons." Brooks, 195 Wn.2d at 97.

The trial court may permit the amendment of the information "at any time before verdict . . . if substantial rights of the defendant are not prejudiced." CrR 2.1(d). This rule "permits liberal amendment, [but] it is tempered by article I, section 22 of the Washington State Constitution, which requires that the accused be adequately informed of the charge to be met at trial." State v. Goss, 189 Wn. App. 571, 576, 358 P.3d 436 (2015), aff'd, 186 Wn.2d 372, 378 P.3d 154 (2016). "'The defendant has the burden of showing specific prejudice to a substantial right.'" Brooks, 195 Wn.2d at 101 (quoting State v. James, 108 Wn.2d 483, 486, 739 P.2d 699 (1987)).

Bristol does not assert on appeal that he was prejudiced by the amendment. Indeed, he acknowledged below that he "was put on notice this amendment was likely depending" on the court's ruling on the key ring, and that the new charge did not require "any additional witness interviews or anything like

5

that." Therefore, the court did not exceed the bounds of CrR 2.1(d) by permitting the amendment. However, Bristol argues that the court must not "permit amendments brought for improper purposes" and that in this case, the amendment was brought for the "vindictive or harassing purposes" of interfering with Bristol's right to exclude inadmissible evidence and to circumvent the court's ruling regarding the key ring. While a prosecutor may not bring charges for vindictive purposes, Bristol has not persuaded us that the prosecutor did so here.

"Prosecutorial vindictiveness is intentional filing of a more serious crime in retaliation for a defendant's lawful exercise of a procedural right." State v. McKenzie, 31 Wn. App. 450, 452, 642 P.2d 760 (1981). In McKenzie, after the defendant in a drug possession case moved to suppress evidence of the drugs found in his car, the State amended the information to add a charge of being a felon in possession of a gun. 31 Wn. App. at 452. We approved this amendment along with the trial court's finding that the prosecutor acted in good faith, and not vindictively. McKenzie, 31 Wn. App. at 452. Similarly, in this case, Bristol has not met his burden to establish that the prosecutor was retaliating against Bristol when he added a less serious charge for strategic reasons. As in McKenzie, the prosecutor was not vindictive just because he amended the information in response to evidentiary developments.

Accordingly, the court did not abuse its discretion by permitting the State to amend the information.

### Admission of Video Evidence

Bristol next contends that the court erred by admitting the video clips of

Bristol in the police car. We again review this decision for abuse of discretion. State v. Stenson, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997). An evidentiary ruling is an abuse of discretion if it "is manifestly unreasonable, based on untenable grounds, or made for untenable reasons." State v. Fedorov, 183 Wn. App. 736, 742, 335 P.3d 971 (2014), aff'd, 183 Wn.2d 669, 355 P.3d 1088 (2015). Because the trial court's decision is reasonable and based on tenable grounds, the court did not abuse its discretion.

The "threshold to admit relevant evidence is low." State v. Scherf, 192 Wn.2d 350, 388, 429 P.3d 776 (2018). Relevant evidence is presumptively admissible but "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Stenson, 132 Wn.2d at 702; ER 402; ER 403. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action" more or less probable. ER 401. Conversely, "[e]vidence is unfairly prejudicial when it is likely to stimulate an emotional response instead of a rational decision." Scherf, 192 Wn.2d at 388.

The court found that the four video clips were relevant to show consciousness of guilt, and that any prejudicial effect did not outweigh their probative value. The court noted the State's argument that the clips showed consciousness of guilt, in that "these are not the statements that someone would make who didn't do it." Accordingly, it admitted clips 1, 3, and 4. With respect to clip 2, Bristol did not object to the portion where Bristol received Miranda warnings and told the police officer that he got the car from a friend. However,

he did object to the remainder of the clip, including Bristol asking what time and day it was. The court acknowledged that this portion was particularly prejudicial, as it showed "someone who is fairly potentially under the influence." The State argued that showing the whole conversation after the officer read Bristol his rights was relevant to prevent the jury from thinking that the officer may have done or said something impermissible, and to provide context for the remaining clips. The court agreed that the clip "complete[d] the story" and "provide[d] some context" and was therefore relevant.

Bristol first contends that the court erred by admitting the videos to support the State's consciousness of guilt argument. He claims that his statements can only be seen to support such a theory either by arguing that he should have said more to show his innocence, which would be an impermissible comment on his silence, or by misconstruing them, which would be arguing facts not in evidence. However, the court reasonably concluded that Bristol's statements were relevant. The jury could consider Bristol's statements, such as his response to being told he's going to jail with "whatever," his comment that he's never "had this before," or his statement that the paperwork "won't be that hard," as having "any tendency" to make Bristol's guilt more or less likely. ER 401. Bristol is correct that a defendant's silence should not be used "as substantive evidence of the defendant's guilt." State v. Burke, 163 Wn.2d 204, 215, 181 P.3d 1 (2008). However, where there are "two possible interpretations of [a statement]—one innocent and one inculpatory"—the court does not abuse its discretion by admitting it. State v. Grimes, 92 Wn. App. 973, 981, 966 P.2d 394 (1998). This

8

is the case here.

Bristol also contends that the court abused its discretion by admitting clip 2 in its entirety, including Bristol's questions about the day and time, and therefore accepted the State's relevance argument that including the full conversation showed the police officer did not violate Bristol's rights.[3]  We again defer to the trial court's determination of relevance, as well as its conclusion that showing the whole conversation following Bristol's rights being read would "complete the story" and "provide[ ] some context."  Furthermore, while the court noted the potential prejudice of showing "someone who is roused from the vehicle and doesn't have an idea of what time and day it is" and accordingly is "fairly potentially under the influence," including the entire clip was not unduly prejudicial.  The jury was already aware that Bristol was found "sleeping or passed out with . . . an uncapped needle in his left hand" and had seen footage of Bristol nodding off in the back of the police car.  The inclusion of the rest of the clip was therefore unlikely to cause much additional prejudice or "stimulate an emotional response instead of a rational decision."  See Scherf, 192 Wn.2d at 388.

### Prosecutorial Misconduct

Bristol contends that the prosecutor committed misconduct in his closing argument by commenting on Bristol's silence, by arguing facts not in evidence,

---

[3] Bristol's initial brief is at best ambiguous as to whether he is challenging the admission of clip 2, but his reply brief clarifies he is challenging portions of all four clips.  We assume without deciding that Bristol has not waived this argument, and we conclude that admission of all four clips was proper.

and by violating a ruling in limine.  We disagree that the prosecutor improperly commented on Bristol's silence or argued facts not in evidence, but agree that the prosecutor committed misconduct when he violated the court's ruling in limine.  The prosecutor's comment was flagrant and ill intentioned, enabling our review despite Bristol's failure to object, but because it was unlikely to affect the outcome of trial, we hold that the misconduct does not require reversal.

"Prosecutorial misconduct is grounds for reversal if 'the prosecuting attorney's conduct was both improper and prejudicial.'"  State v. Monday, 171 Wn.2d 667, 675, 257 P.3d 551 (2011) (quoting State v. Fisher, 165 Wn.2d 727, 747, 202 P.3d 937 (2009)).  We evaluate the effect of a prosecutor's conduct in the full context of issues, evidence, and arguments at trial, and will generally find that prosecutorial misconduct is prejudicial "'only where there is a *substantial likelihood* the misconduct affected the jury's verdict.'"  Monday, 171 Wn.2d at 675 (internal quotation marks omitted) (quoting State v. Yates, 161 Wn.2d 714, 774, 168 P.3d 359 (2007), overruled on other grounds by State v. Gregory, 192 Wn.2d 1, 427 P.3d 621 (2018)).  "Reversal is not required if the error could have been obviated by a curative instruction which the defense did not request."  State v. Russell, 125 Wn.2d 24, 85, 882 P.2d 747 (1994).

The defendant has the burden to establish both the impropriety of the prosecutor's statements and their prejudicial effect.  Russell, 125 Wn.2d at 85.  Furthermore, if the defense fails to object to the comments, the issue of misconduct is waived "unless the remark is so flagrant and ill intentioned that it causes an enduring and resulting prejudice that could not have been neutralized

by an admonition to the jury." Russell, 125 Wn.2d at 86.

    1.  Comment on Bristol's Silence

Bristol first claims that the prosecutor impermissibly commented on Bristol's right to remain silent. Bristol points to the prosecutor's comments in closing argument discussing Bristol's statements to the police: "[T]he officer says, 'Yes, you'll go to jail for possession of a stolen vehicle.' How does [Bristol] respond? He just says, 'Whatever,' and then a few seconds later says, 'Oh, man.'" The prosecutor went on to note that "when he was asked by the officer where he got the car, 'I just got it from my friend.' That's all he says." The prosecutor then went on to note that the police officer explained he did not follow up with the friend because he did not have a name or any other information about this individual. We disagree that these statements constitute misconduct.

The State may not "invite[ ] the jury to infer guilt from the invocation of the right of silence." Burke, 163 Wn.2d at 217. We consider whether the prosecutor intended to comment on the defendant's silence or whether the comment was "so subtle and so brief" that a jury would not "naturally and necessarily assume the statement to be a comment" on the defendant's right to remain silent. State v. Hunter, 29 Wn. App. 218, 220, 627 P.2d 1339 (1981). A "'mere reference'" to silence is not reversible error. Burke, 163 Wn.2d at 216 (quoting State v. Lewis, 130 Wn.2d 700, 706-07, 927 P.2d 235 (1996)).

Here, the prosecutor, at most, merely referenced Bristol's silence. Saying that Bristol "just" said "whatever" is at most a subtle reference to Bristol's silence, rather than a comment emphasizing it. Furthermore, when the prosecutor

referenced Bristol's statement that he got the car from a friend and commented "[t]hat's all he says," this is most reasonably understood as providing context for the officer's failure to investigate further, rather than as a comment on Bristol's silence. Therefore, we reject Bristol's argument that the prosecutor committed misconduct by commenting on his silence.

2. Arguing Facts Not in Evidence

Bristol next claims that the prosecutor argued facts not in evidence when he quoted Bristol saying, "'I've never had this before'" and then continued, "Never had this before. Another way of phrasing this—never done this before." We disagree.

Prosecutors "may not suggest that evidence not presented at trial provides additional grounds for finding a defendant guilty." Russell, 125 Wn.2d at 87. However, in closing arguments, prosecutors are free to argue their characterization of the facts and have "'wide latitude to argue reasonable inferences from the evidence.'" In re Pers. Restraint of Phelps, 190 Wn.2d 155, 166-67, 410 P.3d 1142 (2018) (quoting State v. Thorgerson, 172 Wn.2d 438, 448, 258 P.3d 43 (2011)). "Jurors are also specifically instructed not to consider closing arguments as evidence, which . . . helps draw the line between fact and argument." Phelps, 190 Wn.2d at 167.

Here, the prosecutor's rephrasing of Bristol's statement does not amount to arguing facts not in evidence. It is clear from context that the prosecutor was not claiming that Bristol actually said "I have never done this before," but instead that the prosecutor was interpreting Bristol's statement. While this is certainly not

the only reasonable interpretation of Bristol's statement, it was one reasonable inference. The prosecutor was entitled to argue this inference, and the statement does not amount to misconduct.

       3.  <u>Violation of Ruling in Limine</u>

Finally, Bristol claims that the prosecutor committed misconduct when he urged the jury to consider the key ring as evidence supporting a conviction for count 1, in violation of the court's ruling in limine and limiting instruction. After Bristol conceded in his closing argument that there was no reasonable doubt as to possession of the key ring in count 2, the prosecutor made the following argument in his rebuttal:

> [Defense counsel] submits to you that there wasn't reasonable doubt that he . . . was in possession of these keys, there's no reasonable doubt with regards to Count Number 2. Think about what that means in the context now of Count Number 1. There was a knowledge component, was there not? There was a knowledge component, and Mr. Bristol had to know what these keys are used for.

This argument was improper and a flagrant violation of the court's earlier ruling as well as its jury instruction directing the jury to only consider the key ring as evidence of count 2.

Violating a pretrial ruling which specifically limits the use of evidence "clearly . . . constitutes misconduct." <u>State v. Fisher</u>, 165 Wn.2d 727, 748-49, 202 P.3d 937 (2009) (After the court expressly limited the admission of evidence to be used to respond to a possible defense theory, the prosecutor committed misconduct by referring to the evidence when the defense had not raised the theory.). The State concedes that the prosecutor committed misconduct.

However, it alleges that the misconduct was neither flagrant nor prejudicial.

Because Bristol failed to object to the prosecutor's statement, he has the burden to establish that it was "flagrant and ill-intentioned." State v. Charlton, 90 Wn.2d 657, 661, 585 P.2d 142 (1978). We have held that a prosecutor's comments were flagrant and ill intentioned where case law clearly established that the comments were impermissible, because the prosecutor "must have been aware" that this was the case. Charlton, 90 Wn.2d at 663-64. Because the court had clearly established that the key ring was not admissible to establish count 1, and the prosecutor knew this, we conclude that the prosecutor's statement was flagrant and ill intentioned.

Finally, Bristol must establish that there is a "substantial likelihood the prosecutor's comment affected the verdict." Charlton, 90 Wn.2d at 664. Bristol cannot meet this burden. First, the prosecutor's misstatement of the law was tempered by the jury instructions, which directed the jury to only consider the key ring as evidence towards count 2 rather than count 1. Jurors were instructed that the law was contained in the jury instructions and that they "must disregard any remark, statement or argument that is not supported by the evidence or the law in [the court's] instructions." Therefore, it is unlikely that the prosecutor's statement was unduly impactful. See State v. Arredondo, 188 Wn.2d 244, 264, 394 P.3d 348 (2017) ("Juries are presumed to follow the court's instructions, absent evidence to the contrary."). Second, there was ample other evidence supporting Bristol's guilt. He was found unconscious in the driver's seat with a shaved key in the ignition and a clearly forged trip permit on the rear of the car.

He did not provide any evidence to support his claim that he got the car from his friend. Given the totality of the evidence, Bristol has not met his burden to establish that the prosecutor's comment was prejudicial.

The prosecutor did not commit misconduct by commenting on Bristol's silence or arguing facts not in evidence. While the prosecutor did commit flagrant misconduct by violating a ruling in limine, Bristol fails to establish that this misconduct required reversal.

<u>Ineffective Assistance of Counsel</u>

Bristol next contends that he received ineffective assistance of counsel when his lawyer failed to object to the prosecutor's statements during closing argument. We disagree.

Defendants have a right to effective representation, which is denied when the attorney's conduct "(1) falls below a minimum objective standard of reasonable attorney conduct, and (2) there is a probability that the outcome would be different *but for* the attorney's conduct." <u>State v. Benn</u>, 120 Wn.2d 631, 663, 845 P.2d 289 (1993). "Defense counsel's failure to object during a prosecutor's closing argument will generally not constitute deficient performance because lawyers do not commonly object during closing argument absent egregious misstatements." <u>State v. Blockman</u>, 198 Wn. App. 34, 42, 392 P.3d 1094 (2017), <u>aff'd</u>, 190 Wn.2d 651, 416 P.3d 1194 (2018).

In this case, the prosecutor's flagrant violation of the court's ruling in limine and misstatement of the instructions likely warranted an objection. However, even assuming the defense counsel's failure to object fell below the minimum

15

standard of reasonable attorney conduct, Bristol cannot show that if his attorney *had* objected, the outcome would be different. Because the prosecutorial misconduct was not prejudicial, it follows that counsel's failure to object to the misconduct was not prejudicial. Accordingly, Bristol's contention fails.

<u>Cumulative Error</u>

Finally, Bristol contends that cumulative error requires reversal. The cumulative error doctrine applies "when there have been several trial errors that standing alone may not be sufficient to justify reversal but when combined may deny a defendant a fair trial." <u>State v. Greiff</u>, 141 Wn.2d 910, 929, 10 P.3d 390 (2000). Because there was only one nonprejudicial error in this case, there was no cumulative error denying Bristol of a fair trial.

We affirm.

_____

WE CONCUR:

_____          _____

16